# EXHIBIT 1

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | C/A NO.: 2019-CP-40-_____ |
| | ) | |
| DHW PURCHASING GROUP, LLC | ) | |
| DBA CAROLINA POUR HOUSE and | ) | **COMPLAINT** |
| DANIEL WELLS | ) | (Negligent Misrepresentation) |
| | ) | (Constructive Fraud) (Breach of Contract) |
| | ) | (Breach of Contract with Fraud) |
| Plaintiffs, | ) | (Bad Faith Refusal to Pay First Party Benefits) |
| | ) | (Improper Claims Practices) |
| | ) | (Negligence and Gross Negligence) |
| v. | ) | (Declaratory Relief) |
| KEENANSUGGS INSURANCE, | ) | |
| ALL RISKS, LTD., and | ) | |
| THE BURLINGTON INSURANCE | ) | **(JURY TRIAL DEMANDED)** |
| COMPANY ("TBIC") | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiffs, DHW Purchasing Group, LLC d/b/a Carolina Pour House and Daniel Wells,
by and through its undersigned Counsel, demanding a jury trial as a matter of right, would show
unto this Honorable Court as follows:

1.      Plaintiff, DHW Purchasing Group, LLC d/b/a Carolina Pour House (hereinafter
referred to as "DHW"), is, and at all times mentioned in this Complaint, a limited liability company
with authority to do business in the State of South Carolina.

2.      Plaintiff Daniel Wells is a citizen and resident of Richland County, South Carolina
and is the sole owner and member of Plaintiff DHW Purchasing Group, LLC.

3.      Defendant KeenanSuggs Insurance ("KeenanSuggs") is a South Carolina Insurance
agency with its principal place of business in Richland County and other offices throughout the

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

state. Upon information and belief, KeenanSuggs Insurance is an operating entity of HUB International, Southeast, Inc. which owns the property, maintains office and does business within the state of South Carolina.

4.    Defendant All Risks, Ltd. ("All-Risks") is upon information and belief, a Maryland Corporation authorized and doing business in South Carolina as a licensed insurance Broker. All Risks provided specialty insurance programs for establishments that serve alcoholic beverages.

5.    The defendant, the Burlington Insurance Company (hereinafter referred to as "TBIC"), is, and at all times mentioned in this Complaint, a North Carolina Corporation. Defendant TBIC is located at 238 International Road, Burlington, NC and is in the business of selling insurance policies to South Carolina consumers and businesses.

6.    This Court has jurisdiction over the parties and subject matter herein.

## FACTS

7.    Plaintiff DHW Purchasing group purchased the assets of a licensed establishment known as the Pour House at 800 Harden Street, Columbia, SC. The establishment was licensed to serve alcoholic beverages. DHW completed the purchase in the late summer of 2014.

8.    Around that time, Plaintiff to protect himself, his business and to comply with applicable state laws regarding the sales of alcoholic beverages sought to purchase certain policies of insurance, including General Liability and Liquor Liability insurance policies.

9.    Friends and acquaintances referred Plaintiff Dan Wells to KeenanSuggs Insurance. Several individuals who advised him that KeenanSuggs was capable and able to provide the

---

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

coverage that he needed for his protection and the protection of his landlord in accordance with his lease.

10.     KeenanSuggs held itself and its employees out as having the requisite expertise to assist Wells and DHW with their insurance needs.

11.     KennanSuggs has and did market its expertise in phrases such as "We listen to our clients to understand their business goals and risks to design insurance solutions for long-term success" and "Our team understands the risks you face and the products you need to find the balance between price and protection of your family and assets".

12.     When Wells went to KeenanSuggs, he requested "full coverage" which he understood to cover the complete spectrum of Risks which DHW would be exposed to in operating its business at 800 Harden Street, Columbia, South Carolina. Specifically, Wells understood and expected that he would be protected from simple negligence that occurred and from reasonably foreseeable risks including those risks that might customarily occur in his business including injuries caused to patrons as a result of negligence by the business or its employees.  His purpose in acquiring the policies of insurance was to protect himself and the business from losses that might occur in the ordinary course of business.

13.     Wells also wanted to ensure that DHW's patrons were fully protected from events that occurred on the premises and that he fully complied with applicable law and ran his business in a standard that others would review as commercially reasonable.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

14.    Wells explained DHW's needs and wishes fully to KeenanSuggs' representatives. His concern for this was reflected in his decision to procure a policy with a limit of $2,000,000.00 rather than the statutorily required $1,000,000.00 policy.

15.    Wells increased the limits to obtain additional protection for himself and his business.

16.    Wells explained that he needed full coverage for both general and liquor liability which would include dram shop type claims as well as claims for physical injury on and about the premises.

17.    Wells knew that sometimes altercations could occur in establishments where alcohol is sold and understood and expected with the issuance of each policy that the policy issued covered DHW and Pour House for that type occurrence.

18.    Wells was neither an experienced businessman or purchaser of insurance.

19.    KeenanSuggs was aware of his status as a first-time business owner as well as his youth and inexperience.

20.    As the agent of All-Risks and TBIC, KeenanSuggs' knowledge of Wells status as a first-time business owner and his youth and inexperience are attributed to these Defendants.

21.    KeenanSuggs worked through a specialty broker, to wit, Defendant All-Risks. At that time and since All-Risks represented itself as being a specialist in "Restaurant Insurance including Bar, Tavern, & Nightclub."

22.    All-Risks advertised on its world wide web page the following:

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

> *Restaurants, bars, taverns, and nightclubs have more to worry about than daily specials and what's on tap, such as accidents in the kitchen and slips and falls from customers. Over-served patrons who get behind the wheel present a liquor liability. Fights among patrons or those with security personnel account for numerous assault and battery claims. Throw in a misguided dart, an unsuccessful mechanical bull ride or a fall on the dance floor and the recipe for risk increases. All Risks is a leading restaurant insurance wholesale broker with specialists who can help you craft the best coverage for your clients.*

23.    All-Risks and KeenanSuggs recognized the risks articulated in Paragraph 22 of the Complaint as being important to businesses like Plaintiffs because All-Risks advertised these precise dangers on All-Risks website until 2018.

24.    All-Risks and KeenanSuggs held themselves out as having expertise in policies that provided full coverage and complete protection to owners of Restaurants, bars, and taverns such as the establishment owned by the Plaintiff.

25.    Each time KeenanSuggs issued a policy, it advised Wells that DHW was fully covered or had "full coverage."

26.    Wells on behalf of himself and DHW asked and received assurance that he was covered for all of the potential losses that he and his business might incur in their normal and reasonable operations.

27.    Wells relied upon the representations made by KeenanSuggs on behalf of itself, its broker All-Risks and the insurer TBIC.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

28.    Defendant KeenanSuggs, upon information acting as an agent for Defendants All Risks, Ltd. and TBIC sold these policies of insurance to the Plaintiff.  TBIC issued the first policies effective September 5, 2014.

29.    When it transmitted the policies to Plaintiff, KeenanSuggs represented that "Great care has been taken in providing this coverage for your protection, but there is no substitute for your insight and awareness of your current requirements.  Please help us keep your protection up-to-date.  We appreciate your allowing us to handle your insurance needs."

30.    In September 2014, DHW purchased the liability policies which carried a single year premium of $24,380.00.  DHW also bought a Workers' Compensation Policy which carried a single year premium of $921.00.  DHW paid all premiums for the policy as required.

31.    TBIC, All-Risks, and KeenanSuggs issued the first-year liability policy on October 10, 2014, effective September 5, 2014; the Policy expired September 5, 2015.

32.    TBIC issued the Policy through All Risks, and the policy was numbered HGL0039333.  The policy was endorsed effective September 23, 2014, to increase the aggregate limit of liability to $2,000,000.00.

33.    During the entire purchase process, neither TBIC, All-Risks nor KeenanSuggs ever disclosed or explained the "Assault and Battery Endorsement" or exclusion that was placed on the policy.  Nor did any of the Defendants direct Wells to its presence or import to his business.

34.    In August 2015 KeenanSuggs initiated the renewal of the policies.

35.    The renewal process began with an e-mail from KeenanSuggs to Wells which reads, *inter alia*, Dan, per our conversation, attached are the renewal applications.  I have prefilled some

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

of Bar/Night Club app; you will need to complete the rest. I have prefilled all of the Accord app – I will just need you to look it over and make sure that everything is correct and sign and date. If any corrections need to be made, just write them in."

36.     Again, Wells understood that he was purchasing "full coverage" with a limit of $2,000,000 to protect DHW's business. Wells had information available to him, including All-Risks web site and the assurances of KeenanSuggs that the policy covered DHW and Pour House against all risks.

37.     As was the case in 2014, KeenanSuggs affirmatively represented to Wells and DHW on behalf of itself, All-Risks and TBIC, that the policy thoroughly covered the Wells and his business.

38.     In September 2015, DHW renewed the liability policies which carried a single year premium of $27,878.00. DHW also bought a Workers' Compensation Policy which carried a single year premium of $836.00. DHW paid all premiums for the policy as required.

39.      The policy for 2015-2016 was issued September 16, 2015, effective September 5, 2015, and expired September 5, 2016. TBIC issued the Policy through All-Risks, and the policy was numbered HGL0042121. This policy was extended until October 22, 2016.

40.     In October 2016, DHW renewed the liability policies which carried a single year premium of $32,947.98. DHW paid all premiums for the policy as required.

41.     As was the case in 2014 and 2015, KeenanSuggs affirmatively represented that the policy fully covered Wells and DHW.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

42.     During this period the material cited in Paragraph 22 of the Complaint remained on All-Risks website.  That information would lead any reasonable person to believe that when the insurance agent procured restaurant bar and nightclub coverage through All-Risks, their business was covered for risks including a situation where there was a "fight among patrons or those with security personnel."

43.     Altercations do occur in public establishments, and it is important for a business owner to have insurance coverage protecting the business and its patrons from that type incident.

44.     Upon information and belief, the South Carolina General Assembly required establishments licensed to serve Beer, Wine, and liquor by the drink on premises to ensure that patrons and the public were protected from accidents and injuries that occurred on their premises.

45.     Offering insurance for this purpose and then excluding a very likely type of occurrence without notice to the purchaser of the insurance creates a danger to the public and acts to negate the legal requirement to have coverage.

46.     Wells and DHW believed, based upon the representations made by KeenanSuggs and All Risks that they were covered for among other things, claims as a result of an altercation upon or about their premises.

47.     On April 26, 2017, Defendant Chisolm filed a lawsuit in Richland County Clerk of Courts Office as Case Number 2017-CP-40-02512, against the Plaintiff and several other businesses.  (the "Chisolm Claim") The lawsuit alleges several causes of action, to include Negligence, Gross Negligence and Negligence per se as to all defendants named in the complaint,

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

and Battery, Intentional Infliction of Emotional Distress/ Outrage and False Imprisonment and Bodily Injury.

48.     On May 15, 2017, Chisolm caused his complaint to be served upon Wells and DHW.

49.     The essence of the Chisolm claim is that he suffered personal injuries when Wells, acting as an agent and employee of DHW, negligently allowed him to fall to the sidewalk after removing him from the inside of the building during a disturbance.

50.     Plaintiffs, by and through counsel, timely forwarded a copy of the lawsuit to KeenanSuggs.  Upon information and belief, KeenanSuggs promptly transmitted the lawsuit and notice of the claim to Defendant, TBIC.

51.     Plaintiff has a general commercial liability insurance policy with Defendant TBIC, which KeenanSuggs acquired through All-Risks and its representatives had advised Plaintiffs multiple times before and after October 2016 would provide coverage against the some or all of the allegations that were made by the Defendant Chisolm in his lawsuit.

52.     Plaintiff received by Certified Mail RR #7016 3010 0000 2401 1851, a letter from TBIC dated May 11, 2017, denying the coverage, claiming that coverage as to the allegations against the Plaintiff were not covered in DHW insurance policies. (See attached Exhibit A).

53.     TBIC never contacted the Plaintiffs or any other person to Plaintiffs' knowledge to investigate or ascertain the events underlying the claim.

54.     TBIC conducted either a sham investigation into the allegations or no investigation at all.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

55.     TBIC advised Plaintiffs of the "Assault and Battery" endorsement which it purported excludes all claims that arise from one party touching another – whether two patrons, an employee patron or any other kind of interaction between persons on the premises.

56.     On July 5, 2017, Plaintiff, by and through counsel, forwarded a formal time-sensitive demand from Defendant Chisolm's attorney, Justin Bamberg, to Defendant TBIC.

57.     On July 10, 2017, Plaintiff received by USPS and Email, a letter from Goldberg Segalla, attorney for The Burlington Insurance Company, ("TBIC"), denying the covering once again, claiming the allegations against the Plaintiff are not covered in DHW policies. (See attached Exhibit B).

58.     Plaintiff's denial of coverage was arbitrary, capricious, violated the policy and applicable public policy.

59.     On June 6, 2017, Defendant Matthew Yarborough filed a lawsuit in Richland County Clerk of Courts Office as Case Number 2017-CP-400-3470 against the Plaintiffs (the "Yarborough claim"). The lawsuit alleges several causes of action, to include Negligence and Gross Negligence against Pour House, Dram Shop Liability against Pour House, Negligence and Gross Negligence against Wells (although there is no evidence that Wells was on the premises at the time of the incident). Yarborough served the complaint on Plaintiffs Wells and DHW on August 7, 2017.

60.     The essence of the Yarborough claim is that he suffered injury when another patron struck him on the premises during an altercation.  He alleges that Plaintiffs were negligent in a variety of ways.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

61.     Plaintiff has a general commercial liability insurance policy with Defendant TBIC, which KeenanSuggs acquired through Defendant All-Risks and KeenanSuggs representatives had advised Plaintiffs multiple times before and after October 2016 would provide coverage against the some or all of the allegations that were made by the Defendant Yarborough in his lawsuit both as to the allegations of Negligence and the liquor liability or "Dramshop" claims.

62.     Plaintiff, by and through counsel, timely forwarded a copy of the Yarborough lawsuit to Defendant, TBIC.

63.     Plaintiff received by Certified Mail 7017-0530-0000-2501-7989, from TBIC dated August 14, 2017, denying the coverage, claiming the allegations against the Plaintiff were not covered in DHW insurance policies. (See attached exhibit C).

64.     TBIC never contacted the Plaintiffs or any other person to Plaintiffs' knowledge to investigate or ascertain the events underlying the claim.

65.     TBIC conducted either a sham investigation into the allegations or no investigation at all.

66.     TBIC advised Plaintiffs of the "Assault and Battery" endorsement which it purported excludes all claims that arise from one party touching another – whether two patrons, an employee patron or any other kind of interaction between persons on the premises.

67.     Wells and DHW relied upon KeenanSuggs and All-Risks to protect their interests and to sell them policies of insurance to protect the business as represented.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

68.     Plaintiffs demonstrated the desire for the most protection possible and his reliance upon the expertise of KeenanSuggs and All-Risks when Plaintiff paid to increase policy limits which evinces a desire to ensure that all losses were covered.

69.     None of the Defendants affirmatively advised Wells and DHW that the policies they purchased were impaired by a so-called "Assault and Battery" exclusion.

70.     Defendant TBIC interprets the Assault and Battery exclusion as denying coverage for any claim where a physical touching occurred between the claimant and any other party, whether an employee or agent of the insured or another patron.

71.     TBIC appears to have relied on its "Assault and Battery" exclusion in denying both the Chisolm and the Yarborough claims.

72.     Upon information and belief, TBIC denied coverage reflexively and without adequate investigation to learn the facts of each case.

73.     TBIC owed Plaintiffs a duty to honestly represent the policy coverages and provide affirmative notice of limitations such as the Assault and Battery exclusion, which in effect, made the general liability coverage illusory.

74.     Plaintiff relied upon the expertise of Defendants to honestly represent policy coverages and to advise him if the policy did not include the coverage he sought.

75.     KeenanSuggs and All-Risks owed Plaintiffs a duty to honestly represent the policy coverages, adequately describe and explain the limitations in "full coverage" versus the impact of the "exclusions" and "endorsements" to the policy.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

76.     Plaintiff is entitled to a judgment of this Court, declaring the rights of the parties one to another, and declaring that the allegations made against the Plaintiff by Defendant Chisolm and Defendant Yarborough, in the lawsuits are covered under Defendant TBIC's general liability insurance policy with the Plaintiff or in the alternative that Defendants KeenanSuggs and All-Risks made representation which effectively bound TBIC to the coverages promised and represented by KeenanSuggs and All-Risks thus reforming the policy.  If necessary, the Court should reform the Policies of insurance to include the coverage represented at purchase.

## FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

77.     The allegations contained in paragraphs one (1) through seventy-six (76) of this complaint are re-alleged as if repeated verbatim herein.

78.     Defendants KeenanSuggs, All-Risks and The Burlington Insurance Company represented to Plaintiffs that they were purchasing "full coverage", which Plaintiff understood to mean coverage, among other things, against the type of losses which generally occur in businesses such as Pour House, and which All-Risks described in its marketing materials as enumerated in Paragraph 22 of this Complaint.  The Defendants caused the issuance of policy #740BW37405 to DHW Purchasing Group LLC, d/b/a Carolina Pour House, which was in effect from 10/23/2016, through 10/23/2017, which contains Commercial General Liability coverage.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

79.    The insurance policy number 740BW37405, which Defendants sold and issued to Plaintiff remained in full force and effect, all premiums were current, and Plaintiff complied with all conditions precedent to the payment of first-party benefits.

80.    Defendants conduct in failing to perform a contractual promise to honor the parties' insurance policy was done without any legal excuse and did constitute a breach of contract.

81.    As a direct result of the Defendants breaches of contract, Plaintiff has lost his business; has incurred the costs of hiring legal counsel to defend the uncovered claims against himself and his business; has been sued for actual and punitive damages; the costs and expenses associated with bringing this action; the loss of interest on the money owed by the Defendant due to their refusal to timely honor the claims; mental and emotional distress created by the delay and bad faith refusal of the Defendants to pay; and has been harmed all to his detriment.

82.    As a result of the Defendants breaches of the contract, Plaintiffs are entitled to actual damages in an amount to be determined by a trier of fact.

### . **FOR SECOND CAUSE OF ACTION**
(Breach of Contract Accompanied by Fraudulent Acts)

83.    Every allegation contained in paragraphs one (1) through eighty-two (82) is re-alleged and incorporated herein by express reference as though fully set forth verbatim in this paragraph.

84.    Defendants  conduct as mentioned above, to wit, representing to the Plaintiffs that incidents such as those made in the Chisolm and Yarborough lawsuits would be covered by the

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

policy, only to deny coverage later, was done with a fraudulent intent, which accompanied the breach of contract, and did constitute a breach of contract accompanied by fraudulent acts.

85.    As a result of the Defendants breach of contract accompanied by fraudulent acts, Plaintiff has been harmed as alleged above.

86.    Plaintiff is entitled to actual and punitive damages.

### FOR A THIRD CAUSE OF ACTION
(Bad Faith Refusal to Pay- First Party Benefits)
(Against Defendant TBIC)

87.    Each allegation contained in paragraphs one (1) through eighty-six (86) of this complaint is re-alleged and incorporated herein by express reference as though fully set forth verbatim in this paragraph.

88.    Defendant TBIC acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars:

a)  In refusing to honor Plaintiffs claim submitted for First Party Benefits within (30) thirty days from reasonable proof of claim;

b)  In unreasonably delaying payment of the Plaintiff's claim;

c)  In failing to communicate to the Plaintiff any reasonable justification for failing to honor the claims;

d)  In failing to attempt in good faith effect a fair, prompt, and equitable settlement of the claims;

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

e)  In compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the above-mentioned insurance policy;

f)  In failing to clearly disclose and explain the "Assault and Battery" endorsement and its effects;

g)  In failing to offer coverage or an opportunity to eliminate the "Assault and Battery" endorsement;

h)  In failing to fully investigate and review the claim to determine whether or not the claims came within the coverage afforded by the Plaintiff's policy; and

i)  Throughout the course of dealings between the Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the Plaintiff's rights.

89.     All of which are direct and proximate result of injuries and damages complained of herein.

90.   As a direct and proximate result of the injuries and damage complained of herein. Plaintiffs are entitled to actual and punitive damages against the Defendant TBIC.

**FOR A FOURTH CAUSE OF ACTION**
(Improper Claims Practices)
(Against Defendant TBIC)

91.     Every allegation contained in paragraphs one (1) through ninety (90) is re-alleged and incorporated herein by express reference as though fully set forth verbatim in this paragraph.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

92. Defendant TBIC has certain duties and obligations pursuant to and as provided in South Carolina Code Annotated § 38-59-20, as amended, whereby the Defendant must act in accordance with these duties and obligations in the handling of insurance claims, including the type of claim at issue in this action.

93. Defendant has breached, failed to adhere to and/or conducted itself in such a manner as to violate the terms and practices outlined in *S. C. Code. Ann*. §38-59-20 and is, therefore, conducting itself in a manner which constitutes improper claims practices.

94. Defendant has acted in such a manner or failed to act in such a way as to violate *S.C. Code Ann*. §38-59-20, in that it has committed without just cause and performed with sufficient frequency such actions to constitute and indicate a general business practice all in the following particulars:

   a) In not attempting in good faith to effect a prompt, fair, and equitable settlement of the Plaintiffs and similarly situated individuals' claims when submitted to Defendant, where the claim falls within the coverage of the policy;

   b) In compelling claimants such as the Plaintiff herein and others similarly situated to institute lawsuits, such as this action, to recover amounts reasonably due to the Plaintiff by the Defendant's willful and wrongful refusal to reasonably provide coverage where the claim falls within the coverage of the policy;

   c) In engaging in claims practices with a reckless disregard for the rights and entitlements of others, and especially the rights and entitlements of the Plaintiff; and,

MONTGOMERY WILLARD, LLC

d)  In misrepresenting and allowing its agents and brokers to misrepresent the extent of coverage in an effort to entice members of the public to purchase policies only to learn when a claim arises that the risk represented to be covered is not; and,

e)  In attempting to limit legally mandated coverage in a manner that thwarts the intent of the legislation mandating the insurance coverage to the detriment and harm of the public; and,

f)  In failing to exercise that degree of care and good faith that a reasonable and prudent insurer would have exercised in the same or similar conditions.

95.     As a direct and proximate result of the previous actions and omissions of the Defendant, the Plaintiffs have suffered in the past, and will, upon information and belief, continue to suffer in the future damages, including actual, consequential and punitive damages in amounts to be determined by the trier of fact.

96.     Because of the preceding, Plaintiff is entitled to a judgment against Defendant, for actual, treble, and punitive damages in an amount to be determined by a trier of fact, plus reasonable attorney's fees.

**FOR A FIFTH CAUSE OF ACTION**
(Negligence and Gross Negligence)
(Against all Defendants)

97.     Every allegation contained in paragraphs one (1) through ninety-six (96) is re-alleged and incorporated herein by express reference as though fully set forth verbatim in this paragraph.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

98.    Defendant TBIC through its agent and broker entered into a contract with Plaintiffs under which TBIC purported to provide insurance coverage for bodily injury; medical payments and damages defense, in exchange for which Plaintiffs made payment of premiums to TBIC, its agent and broker.

99.  Each of the Defendants owed Plaintffs a duty to honestly and truthfully represent the extent of the coverage and to explain any limitations in coverage which limited the protection that Plaintiff was purchasing.

100.    Even though Plaintiffs clearly articulated their requirements for coverage, none of the Defendants undertook to correct their misrepresentations as to coverage or to affirmatively explain the so-called "Assault and Battery" exclusion and its profound impact upon the coverage being purchased.

101.    Defendant TBIC further owed a duty to the Plaintiff to exercise due care and to duly, properly, and timely undertake to defend the actions by Chisolm and Yarborough and to pay appropriate benefits for the bodily injury, medical payments and punitive damages sustained by these claimants which were chargeable to the Plaintiff.

102.    Defendants All-Risks and KeenanSuggs further owed a duty to plaintiff to exercise due care and to place coverage as represented which, in this case, would include the risks described by All-Risks in its marketing materials as referenced in Paragraph 22 of the complaint.

103.    Upon information and belief, both the Yarborough and Chisolm incidents should have been covered based upon those representations.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

104.     Defendants breached these duties owed to the Plaintiff to provide the coverage represented, to explain any gaps or problems with coverage and when the claims arose to pay the claims, and were therefore negligent, grossly negligent, willful, wanton, needless, and careless in their actions so as to cause the Plaintiffs substantial and significant damages.

105.     All of Plaintiffs claimed damages are a direct and proximate result of Defendants negligence, gross negligence recklessness and wilfulness in failing to obtain, provide and act on the promised coverages.

106.     Plaintiff has sustained damages and losses as a direct and proximate result of Defendants negligence and gross negligence and is entitled to an order granting it recovery for actual, consequential, and punitive damages in an amount be determined by the trier of fact.

## FOR A SIXTH CAUSE OF ACTION
### (Constructive Fraud)
### (Against all Defendants)

107.     Every allegation contained in paragraphs one (1) through one hundred six (106) is re-alleged and incorporated herein by express reference as though fully set forth verbatim in this paragraph.

108.     The Defendants jointly and severally owed a duty to the Plaintiffs, and to the public at large not to act in such a matter as tends to deceive others, to violate public or private confidence or to injure public risks.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

109.    The Defendants are possessed of superior experience, knowledge, and means of knowledge in relation to the insurance market, contents of policies and the needs of their insured.

110.    The Defendants including KeenanSuggs, All-Risks, and TBIC possessed a special relationship of trust where the Plaintiffs came to them seeking assistance in procuring the proper and desired coverages.

111.    The Plaintiffs relied upon the expertise of KeenanSuggs, All-Risks, and TBIC to acquire and provide the coverage needed to protect Plaintiffs, their employees, patrons, and the public from liability and risks associated with the operation of Plaintiffs' business enterprise.

112.    At each time that he purchased the policies of insurance from KeenanSuggs through All-Risks and TBIC, Plaintiff Wells requested "full coverage."  These parties affirmatively represented to him that he had purchased coverage which would protect him to the fullest extent available.

113.    Wells was assured and believed that the policies purchased would protect him from risks including accidents in the kitchen, slips and falls from customers,  Over-served patrons who get behind the wheel,  Fights among patrons or those with security personnel, or a fall on the dance floor as well as other risks of accident and injury stemming from his operation of the business.

114.    At the time that he acquired and each time he renewed these policies, Wells understood and KeenanSuggs represented to him that losses such as those enumerated in Paragraph 104 of the complaint were covered and that he had purchased "full coverage."

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

115.    TBIC's interpretation of the policy denies coverage for claims resulting from what it calls "assault and battery" but which it interprets to mean where any physical contact occurs between two persons that results in an injury, coverage is denied.

116.    As a young businessman and a novice purchaser of insurance Wells placed special trust in the insurance agent and broker to competently and truthfully advise him about the policies.

117.    At the time that Defendants were advising him that he was obtaining "full coverage" they knew or should have known that the policy did not include "full coverage" because of the endorsement/exclusion for Assault and Battery.

118.    Wells, on behalf of himself, DHW, and Pour House relied upon the representations regarding full coverage of the Defendants.

119.    Wells had a right to rely upon the representations made by KeenanSuggs, All-Risks, and TBIC because they had a special relationship of trust that amounted to a fiduciary relationship.

120.    Defendants were in a position to know and knew that Wells on behalf of himself and DHW was relaying on their expertise as insurance agents and brokers to provide him proper coverage.

121.    Defendants were possessed of superior knowledge, experience and means of knowledge in relation to Wells.

122.    It was reasonable for Wells to assume the truth of any representations that they made concerning the coverage provided by the policies they were writing for him.

123.    Wells could not reasonably have discovered the falsity of the representation by reading the policy.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

124.    Wells and DHW relied upon the representations of the Defendants to their detriment.

125.    Based upon the Defendants representations Wells purchased full coverage and paid substantial premiums for the "full coverage." However, when claims involving physical touching arose in the Chisolm and Yarborough cases, Wells was advised that he did not have full coverage.

126.    As a direct and proximate result of the Defendants material misrepresentations, coverage was denied on the Chisolm, and Yarborough claims. Wells and DHW have been forced to retain counsel, expend monies, suffer mental and emotional distress, financial ruin and the risk of further liability and loss all to Plaintiffs' detriment.

127.    As a result of Defendants' constructive fraud, Plaintiffs are entitled to a judgment for actual, consequential and punitive damages, costs, attorney fees and all other legally cognizable damages in an amount to be determined by a trier of fact.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

**On Plaintiffs' First Cause of Action:**

For Plaintiffs actual damages in an amount to be determined by a trier of fact against Defendant TBIC.

**On Plaintiffs' Second Cause of Action**:

For an award of Actual and exemplary damages in amounts to be determined by a trier of fact against Defendant TBIC.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

**On Plaintiffs' Third Cause of Action:**

For an award of Actual and exemplary damages in amounts to be determined by a trier of fact and for reformation of the TBIC policy to provide the coverages anticipated by both Plaintiffs and the General Assembly at the time of purchase.

**On Plaintiffs' Fourth Cause of Action**:

For an award of actual, treble, and punitive damages in an amount to be determined by a trier of fact, plus reasonable attorney's fees and the reformation of the TBIC policy to provide the coverages anticipated by both Plaintiffs and the General Assembly at the time of purchase.

**On Plaintiffs' Fifth Cause of Action**

For an award of actual, consequential and punitive damages in an amount to be determined by a trier of fact against all defendants.

**On Plaintiff's Sixth Cause of Action**

For an award of actual, consequential and punitive damages, costs, attorney fees and all other legally cognizable damages in an amount to be determined by a trier of fact.

**On All Causes of Action**

For declaratory relief, actual and punitive damages; statutory damages, treble damages, exemplary damages costs and expenses associated with this cause of action; and for such other and further relief as this Court may deem just and proper.

MONTGOMERY WILLARD, LLC

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Respectfully Submitted,

MONTGOMERY WILLARD, LLC


s/Michael H. Montgomery
Michael H. Montgomery
SC Bar No. 4034
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29201
Phone (803) 779-3500
Email: mhm@montgomerywillard.com
*ATTORNEYS FOR THE PLAINTIFFS*

Columbia, South Carolina

March 18, 2019

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | C/A NO.:  2019-CP-40-_____ |
| | ) | |
| DHW PURCHASING GROUP, LLC | ) | |
| DBA CAROLINA POUR HOUSE and | ) | **SUMMONS** |
| DANIEL WELLS | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | (JURY TRIAL DEMANDED) |
| KEENANSUGGS INSURANCE, | ) | |
| ALL RISKS, LTD., and | ) | |
| THE BURLINGTON INSURANCE | ) | |
| COMPANY ("TBIC") | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:    THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber, at his office at 1002 Calhoun Street, Columbia, South Carolina, 29201 within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MONTGOMERY WILLARD, LLC

s/Michael H. Montgomery
Michael H. Montgomery
SC Bar No. 4034
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29211-1886
Telephone: (803) 779-3500
ATTORNEYS FOR THE PLAINTIFFS

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

March 18, 2019
Columbia, South Carolina

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542



**IFG Companies**    The Burlington Insurance Company

---

238 International Road, Burlington, NC 27215
Wilson R. Modernel, Technical Specialist
WRModernel@IFGCompanies.com

Toll Free: (877) 434-2667
Phone: (336) 586-2607
Fax: (336) 586-2586

May 11, 2017        <u>**Certified Mail RRR #7016 3010 0000 2401 1851 and US Regular Mail**</u>

Mr. Daniel H. Wells
DHW Purchasing Group, LLC d/b/a Carolina Pour House
2201 Lee Street
Columbia, SC 29205

|  |  |  |
|---|---|---|
| Re: | Claim Number: | 212923-1 |
|  | Policyholder: | DHW Purchasing Group, LLC Dba Carolina Pour House |
|  | Date of Loss: | 3/19/2017 |
|  | Claimant: | Ryan Chisolm |

Dear Mr. Wells:

The Burlington Insurance Company ("TBIC") acknowledges receipt of a Complaint styled *Ryan Chisolm v. Daniel Halsey Wells IV, in his individual capacity and as agent-in-fact for DHW Purchasing Group LLC; DHW Purchasing Group, LLC d/b/a Carolina Pour House; BB&A Entertainment LLC Pour House; Wells Fargo Bank, National Association as Trustee Under Agreement with Nell H. Huffman,* which was filed in the Court of Common Pleas Fifth Judicial Circuit for the County of Richland South Carolina, on April 26, 2017.

The Complaint alleges that on March 19, 2017, the plaintiff witnessed the commencement of an altercation inside Carolina Pour House wherein an unknown male swung at the plaintiff but missed. The crowd was then pushed outside by you and other staff of the Carolina Pour House. While being pushed out, the unknown male grabbed the plaintiff but was later pulled off the plaintiff when outside. It is then alleged that you, Daniel Halsey Wells, approached the plaintiff from behind and placed him in a chokehold while staff of Carolina Pour House stood idly watching the incident and not intervening.

You are then alleged of having choked him to the point of unconsciousness and then willfully, wantonly, carelessly and with reckless disregard, throwing the plaintiff's lifeless body to the ground. As a result, the plaintiff sustained neck, facial and dental injury. It is further alleged that you drank alcoholic beverages throughout the day and were under the influence of alcohol at the time of the incident in question, which were sold, served, or otherwise furnished to you by defendant DHW through its agents & employees.

The Complaint cites several causes of action, to include Negligence, Gross Negligence and Negligence Per se as to all defendants, and Battery, Intentional Infliction of Emotional Distress / Outrage and False Imprisonment as to defendant Wells. The plaintiff is seeking actual, consequential and punitive damages in this matter.

The Complaint also outlined pervasive customs, culture and practices by the ownership and management of Carolina Pour House by defendants DHW and Wells, to include arrests and citations for disorderly conduct, underage drinking, overserving, fake identification, fighting, assault and failure to properly train staff and many others. As a result of these acts and omissions by the defendants, and by defendant Wells' charge of Assault and Battery of a High and Aggravated Nature, the plaintiff sustained



EXHIBIT

A

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

physical injury to his person. As a result of the pervasive customs, culture and practices at the property, the City of Columbia deemed the property a public nuisance.

The recitation of these allegations is not meant to infer that TBIC accepts them as true or factual, but rather is included only to provide a context for its coverage discussion herein.  We invite you to review your policy including all forms and endorsements in its entirety.

The complaint names Daniel Halsey Wells IV, in his individual capacity and as agent-in-fact for DHW Purchasing Group LLC; DHW Purchasing Group, LLC d/b/a Carolina Pour House; BB&A Entertainment LLC Pour House; Wells Fargo Bank, National Association as Trustee Under Agreement with Nell H. Huffman.  BB&A Entertainment LLC Pour House; Wells Fargo Bank, National Association as Trustee Under Agreement with Nell H. Huffman are not listed as a named insured nor additional insured under the policy.  Thus, no coverage exists for this matter under the TBIC policy for those entities.

The Burlington Insurance Company ("TBIC") issued policy # 740BW37405 to DHW Purchasing Group, LLC d/b/a Carolina Pour House which was in effect from 10/23/2016 through 10/23/2017 which contains a Commercial General Liability coverage part -- CG 00 01 1207.

The Insuring Agreement under Coverage A reads as follows:

*SECTION I – Coverages*
*COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1.  *Insuring Agreement*

     a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ..*

Form CG 00 01 1207, provides clear definitions for the elements of the Insuring Agreement. Please refer to SECTION V – DEFINITIONS:

*3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

*13."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*17."Property damage" means:*

     *a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
     *b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

     *For the purposes of this insurance, electronic data is not tangible property.*

     *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

*floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

The policy provides coverage for "bodily injury" or "property damage" arising out of an "occurrence" as defined above.  The matter as it has been alleged does not constitute "bodily injury" or "property damage" arising from an "occurrence". There is no potential for any duty under Coverage A of the policy.

Without conceding a duty or the potential for any duty under Coverage A, we refer you to the following exclusions set forth below that remove any duty under Coverage A:

2.    *Exclusions*

*This insurance does not apply to:*

a.    *Expected or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

The claims against you in this matter involve allegations that while in the line and scope of your employment, you intended to injure the plaintiff by attempting to strangle him. To the extent this matter involves injury expected or intended by you, coverage will not exist.

c.  *Liquor Liability*

*"Bodily injury" or "property damage" for which any insured may be held liable by reason of:*
(1)    *Causing or contributing to the intoxication of any person;*
(2)    *The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
(3)    *Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*

*This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages*

To the extent that damages are related to liquor liability, coverage does not exist for such damages under the policy pursuant to the above exclusion.

o. *Personal And Advertising Injury*

*"Bodily injury" arising out of "personal and advertising injury."*

Coverage does not exist under the policy for damages related to "Bodily injury" arising out of "personal and advertising injury."

We now direct your attention to Coverage B of the policy:

*COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY*

1.  *Insuring Agreement*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against and "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.*

b.  *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

The policy provides clear definitions for the elements of the Insuring Agreement under Coverage B. Please again refer to SECTION V – DEFINITIONS

*1. Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters…*

*14.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

a.  *False arrest, detention or imprisonment;*
b.  *Malicious prosecution;*
c.  *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
d.  *Oral or written publication, in any manner, of material that slanders or libels a person or organization except that this offense does not include slander or libel that disparages a person's or organization's goods, products or services, or infringes upon another's copyright, trade dress or slogan;*
e.  *Oral or written publication, in any manner, of material that violates a person's right of privacy.*
f.  *The use of another's advertising idea in your "advertisement"; or*
g.  *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

The matter as it has been alleged, does not constitute an enumerated offense in the definition of personal and advertising injury as defined in the above endorsement. The matter likewise, does not constitute an advertisement as defined in the policy. There is no potential for any duty under Coverage B of the policy.

Without conceding a duty or the potential for any duty under Coverage B, we refer you to the following exclusions set forth below that remove any duty under Coverage B:

2.  *Exclusions*

    *This insurance does not apply to:*

    a.  *Knowing Violation Of Rights Of Another*
    *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

    d.  *Criminal Acts*
    *"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.*

The policy also contains endorsement BG-G-042 02 11. This endorsement was noted in your policy declarations and was made part of the policy at its inception. The endorsement reads as follows:

*EXCLUSION – ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. <u>Paragraph D. of this endorsement replaces exclusion a</u>. of 2. Exclusions in Section I - <u>Coverage A</u> - Bodily Injury and Property Damage under the Commercial General Liability Coverage Form.

B. Paragraph E. of this endorsement is added to 2. Exclusions of Section I - <u>Coverage B</u> - Personal and Advertising Injury Liability under the Commercial General Liability Coverage Form.

C. When the Miscellaneous Professional Liability Coverage endorsement is attached, Paragraph F. of this endorsement is added to Paragraph 2. Exclusions under the Miscellaneous Professional Liability Coverage endorsement.

D. This insurance does not apply to:

    a.  Assault, Battery Or Other Physical Altercation
       "Bodily injury" or "property damage":
       (1) Expected or intended from the standpoint of any insured.
       (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.
       (3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."
       (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

E. This insurance does not apply to:

    z. Assault, Battery Or Other Physical Altercation
      "Personal and advertising injury":
      1) Expected or intended from the standpoint of any insured.
      (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.
      (3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."
      (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

F. This insurance does not apply to:
Assault, Battery Or Other Physical Altercation
Any "damages" arising out of any actual, alleged or threatened "assault" or "battery".

G. <u>The exclusions added in paragraphs D, E</u> and F of this endorsement apply to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the "assault" or "battery", and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

H. The following are added to the Definitions Section of this policy:

"Assault" means any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability so to do, and any intentional display of force such as would give a victim reason to fear or expect immediate bodily harm.

"Battery" means wrongful physical contact with a person without his or her consent that entails some injury or offensive touching.

The injuries in this matter arose from an "assault and battery". As outlined in the Assault, Battery or Other Physical Altercation exclusion cited above, this insurance does not apply for "bodily injury" or "property damage" expected or intended from the standpoint of any insured; or arising out of assault or

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery, to include all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort. Therefore, there is no potential for any duty owed under Coverage A and Coverage B of the Commercial General Liability policy with TBIC.

Additionally, the policy under coverage form CG00 01 12 07 contains Coverage C - Medical Payments, which reads in relevant part as follows:

*SECTION I - COVERAGES*

*COVERAGE C. MEDICAL PAYMENTS*
1. *Insuring Agreement*
    a. *We will pay medical expenses as described below for "bodily injury" caused by an accident:*
        *(1) On premises you own or rent; ...*
    b. *We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:*
        *(1) First aid administered at the time of an accident;*
        *(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and*
        *(3) Necessary ambulance, hospital, professional nursing and funeral services.*

2. *Exclusions*

*We will not pay expenses for "bodily injury":*
    g. *Coverage A Exclusions*
        *Excluded under Coverage A.*

Since the loss is excluded under Coverage A., the Medical Payments Coverage is also not afforded for this loss.

The policy also contains a Liquor Liability Coverage Form. The Insuring Agreement of that coverage form – CG 00 33 1207 – reads as follows:

*SECTION I – LIQUOR LIABILITY COVERAGE*

1. *Insuring Agreement*

    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result...*

2. *Exclusions*

*This insurance does not apply to:*

    a. *Expected or Intended Injury*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

The Liquor Liability Coverage Part is modified by endorsement – BG-L-231 0212. This endorsement was noted in your policy declarations and was made part of the policy at its inception.    The endorsement reads as follows:

**BG-L-231 0212**-- *EXCLUSION – ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION*

*This endorsement modifies insurance provided under the following:*

   *LIQUOR LIABILITY COVERAGE PART*

A. *Paragraph B of this endorsement replaces exclusion a. of 2. Exclusions in Section I - Liquor Liability Coverage under the Liquor Liability Coverage Form.*
B. *This insurance does not apply to:*

   a.   *Assault, Battery Or Other Physical Altercation "Injury":*
      *(1)  Expected or intended from the stand-point of any insured.*
      *(2)  Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.*
      *(3)  Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."*
      *(4)  Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.*

*This exclusion a.(1) through a.(4) applies to all acts or omissions, including any act or omission in responding to or failing to respond  or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.*

The injuries in this matter arose from an "assault and battery".  As outlined in the exclusion cited above, this insurance does not apply for "bodily injury" or "property damage" expected or intended from the standpoint of any insured; or arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery, to include all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort. Therefore, there is no potential for any duty owed under the Liquor Liability Coverage part of the policy for the damages sought under the terms and conditions of the policy with TBIC.

The policy also contains the following endorsement, BG-G-005 11 13 that formed a part of the policy at inception and reads as follows:

*EXCLUSION – PUNITIVE DAMAGES*

*A. Paragraph B of this endorsement is added to the Exclusions under all coverage forms and endorsements that form a part of this policy.*
*B. This insurance does not apply to:*

*Punitive Damages*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

*Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages.*

Based on the above endorsement there is no coverage for the alleged punitive damages under the TBIC policy.

Based on the foregoing reasons there is no coverage for this loss under any part of the policy. Therefore, TBIC has no duty to defend or indemnify Daniel Halsey Wells IV, in his individual capacity and as agent-in-fact for DHW Purchasing Group LLC; DHW Purchasing Group, LLC d/b/a Carolina Pour House, or any other party involved for any settlement or judgment rendered in this matter.

If you have other available insurance for this matter, TBIC suggests that you place that carrier(s) on notice for their coverage determination. In conjunction with that or in the alternative, TBIC suggests that you retain counsel, at your own expense, to protect your interests.

By copy to BB&A Entertainment, LLC and Wells Fargo Bank National Association, TBIC advises of its coverage position.

This communication should not be deemed or construed as a waiver of any of the rights of TBIC, including those rights provided in the contract of insurance. TBIC reserves its right to assert any other policy provisions or legal principles that would further preclude any defense or indemnity obligation should additional facts, not currently alleged, become known.

Should any additional legal proceedings be initiated or other demands or claims be made, please forward such materials to TBIC so the allegations may also be evaluated under the terms and conditions of the policy.

If you disagree with any of the matters set forth herein or if you believe there is additional information TBIC should consider, TBIC invites you to respond to this correspondence. TBIC will give any such response due consideration and will provide a prompt response.

Should you have any questions, please don't hesitate to contact me.

Sincerely,

*W. Modernel*

Wilson R. Modernel
Technical Specialist
Claims Department

Cc:    All Risks, Ltd
       14045 Ballantyne Corporate Pl., Suite 100
       Charlotte NC 28277

       BB&A Entertainment, LLC
       1085 Shop Road, Apartment 333
       Columbia SC 29201

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Wells Fargo Bank National Association, as
Successor Trustee
1426 Main Street, 16th Floor
Columbia SC 29226

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

**GS** GOLDBERG SEGALLA LLP

David L. Brown | Partner
Direct 336.419.4902 | dbrown@goldbergsegalla.com

July 10, 2017

**VIA ELECTRONIC MAIL AND U.S. MAIL**
Michael H. Montgomery
MONTGOMERY WILLARD, LLC
1002 Calhoun Street
Columbia, SC 29201
Email: mhm@montgomerywillard.com

Re:     *"Ryan Chisolm v. Daniel Halsey Wells IV,* et al."
        Case No. 2017-CP-40-02512 (Richland County, SC)
        Policy Number: 740BW37405
        Policyholder: DHW Purchasing Group, LLC dba Carolina Pour House ("DHW")
        Claim Number: 212923-1
        Date of Loss: 3/19/2017
        Claimant: Ryan Chisolm

Dear Mr. Montgomery:

        Our law firm represents The Burlington Insurance Company ("TBIC") with regard to the insurance coverage issues raised by the above-referenced matter. We acknowledge receipt of your letter dated June 26, 2017 to Wilson Modernel of IFG Companies as well as the enclosed documents and letter dated June 22, 2017 sent by Justin Bamberg, counsel for Plaintiff Ryan Chisolm. Please accept this correspondence on behalf of TBIC in response to your letter.

        Defendants DHW and Daniel Halsey Wells IV initially tendered the above-referenced suit to TBIC, seeking a defense and indemnity under a commercial general liability policy, policy no. 740BW37405, issued by TBIC to Defendant DHW with effective dates from October 23, 2016 to October 23, 2017 (the "TBIC Policy"). Based upon the allegations in the suit, TBIC denied coverage to Defendants DHW and Wells under the TBIC Policy, setting forth its coverage position in detail in correspondence dated May 11, 2017. You have requested that TBIC reconsider that position. TBIC has now done so and has carefully reviewed your correspondence, that of Mr. Bamberg, and the documents provided. Respectfully, TBIC must continue to deny coverage for DHW and Mr. Wells in the above-referenced suit.

**BACKGROUND**

        On April 26, 2017, Plaintiff Ryan Chisolm filed the above-referenced suit against Defendants DHW and Wells for injuries allegedly sustained on or about March 19, 2017, during an altercation with Defendant Wells at a bar known as Carolina Pour House,

500 Green Valley Road, Suite 302
| Greensboro, NC 27408 | 336.419.4900 | Fax 336.419.4950 | www.GoldbergSegalla.co
NEW YORK | ILLINOIS | FLORIDA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT

**EXHIBIT**
B

which is owned and operated by Defendant DHW and is located at 800 Harden Street, Columbia, South Carolina. Defendant Wells is alleged to maintain 100% ownership of and to be the sole Member/Manager of Defendant DHW.

As to the incident resulting in Plaintiff Chisolm's injuries, it is specifically alleged that during the early morning hours of March 19, 2017, Plaintiff Chisolm witnessed an altercation starting between several people in the bar, and that "he moved closer to see what was happening" when "an unknown, shirtless male swung at him but missed." At that point, it is alleged that "everyone [including Plaintiff Chisolm] began being pushed out the establishment by Defendant Wells and employees, agents, and representatives of Defendant DHW." Once outside, it is alleged that "the unknown, shirtless male was pulled off Plaintiff" and that Defendant Wells "then approached Plaintiff from behind, placing Plaintiff in a rear-naked chokehold" until Plaintiff was unconscious, at which point Defendant Wells "threw Plaintiff's lifeless body down." As a result of the altercation, it is alleged that Plaintiff Chisolm's head, face, teeth and body impacted the pavement, causing him to suffer injuries to his face, mouth, and neck. In addition to the conduct of Defendant Wells, it is alleged that Defendant DHW's agents, employees, and representatives stood idly watching and did not attempt to stop Defendant Wells or come to the aid of Plaintiff Chisolm. It is further alleged that Defendant DHW and Wells were negligent in various aspects of the management of the bar which resulted in the altercation and Plaintiff Chisolm's injuries.

As a result of the altercation, Plaintiff Chisolm has asserted a claim against Defendants DHW and Wells for Negligence/Gross Negligence/Negligence Per Se, as well as claims for Battery, Intentional Infliction of Emotional Distress/Outrage, and False Imprisonment against Defendant Wells.

## POLICY PROVISIONS

The TBIC Policy includes both a Commercial General Liability Coverage Part and also a Liquor Liability Coverage Part. In relevant part, the TBIC Policy provides as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

### SECTION I — COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will

Michael Montgomery
July 10, 2017
Page 3 of 15

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

**b.**　　This insurance applies to "bodily injury" and "property damage" only if:

　　(1)　　The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

　　(2)　　The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \*

**2.**　　**Exclusions**

This insurance does not apply to:

\* \* \*

**c.**　　**Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

　　(1)　　Causing or contributing to the intoxication of any person;

　　(2)　　The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

　　(3)　　Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

\* \* \*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 4 of 15

    o.    **Personal And Advertising Injury**

        "Bodily injury" arising out of "personal and advertising injury".

    * * *

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

    b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2.    **Exclusions**

    This insurance does not apply to:

    a.    **Knowing Violation Of Rights Of Another**

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    * * *

    d.    **Criminal Acts**

        "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

Michael Montgomery
July 10, 2017
Page 5 of 15

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

\* \* \*

## COVERAGE C MEDICAL PAYMENTS

1.    **Insuring Agreement**

        **a.**    We will pay medical expenses as described below for "bodily injury" caused by an accident:

            **(1)**    On premises you own or rent;

            **(2)**    On ways next to premises you own or rent; or

            **(3)**    Because of your operations;

                provided that:

                **(a)**    The accident takes place in the "coverage territory" and during the policy period,

                **(b)**    The expenses are incurred and reported to us within one year of the date of the accident; and

                **(c)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

        **b.**    We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

            **(1)**    First aid administered at the time of an accident;

            **(2)**    Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

            **(3)**    Necessary ambulance, hospital, professional nursing and funeral services.

\* \* \*

Michael Montgomery
July 10, 2017
Page 6 of 15

2.    **Exclusions**

We will not pay expenses for "bodily injury":

* * *

g.    Coverage A Exclusions

Excluded under Coverage A.

* * *

**SECTION V — DEFINITIONS**

* * *

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.    False arrest, detention or imprisonment;

b.    Malicious prosecution;

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 7 of 15

**f.**   The use of another's advertising idea in your "advertisement"; or

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

## LIQUOR LIABILITY COVERAGE FORM

## SECTION I — LIQUOR LIABILITY COVERAGE

**1.**   **Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. . . .

**b.**   This insurance applies to "injury" only if:

(1)   The "injury" occurs during the policy period in the "coverage territory"; and

**2.**   **Exclusions**

This insurance does not apply to:

\* \* \*

**d.**   **Liquor License Not In Effect**

"Injury" arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect.

\* \* \*

**f.**   **Other Insurance**

Any "injury" with respect to which other insurance is afforded, or would be afforded but for the exhaustion of the

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 8 of 15

limits of insurance. This exclusion does not apply if the
other insurance responds to liability for "injury" imposed
on the insured by reason of the selling, serving or
furnishing of any alcoholic beverage.

* * *

## SECTION V — DEFINITIONS

1.   "Bodily injury" means bodily injury, sickness or disease sustained
by a person, including death resulting from any of these at any
time.

* * *

5.   "Injury" means damages because of "bodily injury" and "property
damage", including damages for care, loss of services or loss of
support.

The TBIC Policy also includes "Exclusion - Assault, Battery or Other Physical
Alteration" endorsements applicable to both the Commercial General Liability
Coverage Part and to the Liquor Liability Coverage Part. In relevant part,
the "Assault and Battery" exclusion applicable to the Commercial General Liability
Coverage Part provides as follows:

A.   Paragraph **D.** of this endorsement replaces exclusion **a.** of
**2. Exclusions in Section I - Coverage A - Bodily Injury
and Property Damage** under the Commercial General
Liability Coverage Form.

* * *

D.   This insurance does not apply to:

a.   **Assault, Battery Or Other Physical Altercation**

"Bodily injury" or "property damage":

(1)   Expected or intended from the standpoint of
any insured.

(2)   Arising in whole or in part out of any
"assault" or "battery" committed or
attempted by any person.

Michael Montgomery
July 10, 2017
Page 9 of 15

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

(3)    Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."

(4)    Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

* * *

G.    The exclusions added in paragraphs **D**, **E** and **F** of this endorsement apply to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation, and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

H.    The following are added to the Definitions Section of this policy:

"Assault" means any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm.

"Battery" means physical contact with a person without his or her consent that entails some injury or offensive touching.

Similarly, the "Assault and Battery" exclusion applicable to the Liquor Liability Coverage Part provides as follows:

A.    Paragraph **B** of this endorsement replaces exclusion **a.** of **2. Exclusions** in **Section I – Liquor Liability Coverage** under the Liquor Liability Coverage Form.

Michael Montgomery
July 10, 2017
Page 10 of 15

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

**B.**     This insurance does not apply to:

    **a.**     **Assault, Battery Or Other Physical Altercation**

       "Injury":

       **(1)**    Expected or intended from the standpoint of any insured.

       **(2)**    Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.

       **(3)**    Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."

       **(4)**    Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

This exclusion **a.(1)** through **a.(4)** applies to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation, and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

**C.**     The following definitions are added to the **Definitions** Section of this policy:

"Assault" means any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 11 of 15

> "Battery" means physical contact with a person without his or her consent that entails some injury or offensive touching.

In addition, the TBIC Policy also includes an "Exclusion – Punitive Damages" endorsement applicable to the Commercial General Liability Coverage Part as well as the Liquor Liability Coverage Part. In relevant part, the "Punitive Damages" exclusion provides as follows:

A.  Paragraph **B.** of this endorsement is added to the **Exclusions** under all Coverage Forms and endorsements that form a part of this policy.

B.  This insurance does not apply to:

**Punitive Damages**

Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages.

Finally, the TBIC Policy also bars any commercial general liability coverage for any claim for discrimination. Specifically, the TBIC Policy provides that no coverage under Coverage A or Coverage B of the Commercial General Liability Coverage Part applies to:

> "Bodily injury", "property damage", or "personal and advertising injury", which arises out of, is alleged to have occurred or is a consequence of, in whole or in part, due to an actual, alleged, or threatened act or omission of discrimination, whether intentional or unintentional, based upon a person's ... race, creed ...

## TBIC'S COVERAGE POSITION

You have tendered the above-referenced claims against Defendants DHW and Wells for coverage under the TBIC Policy, and requested that TBIC negotiate with counsel for Plaintiff Chisolm to settle such claims within the policy limits under the TBIC Policy. However, based upon the available information and our analysis of the policy provisions set forth in the preceding section, neither Defendant DHW nor Defendant Wells are entitled to coverage under the TBIC Policy for the claims at issue.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 12 of 15

Therefore, TBIC must maintain its position that the TBIC Policy does not provide coverage to Defendants DHW or Wells in the above-referenced suit.

First, coverage is not afforded under the TBIC Policy for the claims at issue in the above-referenced suit because such claims are barred from coverage by the application of the "Assault and Battery" exclusion applicable to both the Commercial General Liability Coverage Part as well as the Liquor Liability Coverage Part in the TBIC Policy. The "Assault and Battery" exclusions provide that the TBIC Policy does not apply to "bodily injury", "property damage", or "injury" that is: (1) "Expected or intended from the standpoint of any insured", (2) "Arising whole or in part out of any 'assault' or 'battery' committed or attempted by any person", (3) "Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened 'assault' or 'battery'", or (4) "Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation." An "assault" is defined by the TBIC Policy as "any attempt or threat to inflict injury upon the person or another, or any display of force such as would give a person reason to fear or expect immediate bodily harm", and a "battery" is defined by the TBIC Policy as "physical contact with a person without his or her consent that entails some injury or offensive touching."

It is specifically alleged in the above-referenced suit that Plaintiff Chisolm's injuries arose out of the "assault" or "battery" committed by Defendant Wells (who qualifies an insured under the TBIC Policy as a member and manager of Defendant DHW) when Defendant Wells allegedly placed Plaintiff Chisolm in a "chokehold" and then threw Plaintiff Chisolm to the ground after he had lost consciousness. As a result, the "Assault and Battery" exclusion bars coverage under both the Commercial General Liability Coverage Part and also the Liquor Liability Coverage Part in the TBIC Policy for the claims at issue in the above-referenced suit because the alleged "bodily injury" or "injury": (1) was expected or intended from the standpoint of an insured (Defendant Wells) under the TBIC Policy, and (2) arose out of an "assault" or "battery" committed by any person (Defendant Wells). Furthermore, to the extent that the claims asserted against Defendant DHW relate to the failure of its employees or agents to assist Plaintiff Chisolm during the altercation with Defendant Wells, such claims are excluded from coverage under the "Assault and Battery" exclusion as "bodily injury" arising out of an act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery".

You have indicated that coverage should be afforded to Defendants DHW and/or Wells for the claims at issue even though Plaintiff Chisolm's injuries arose out of an "assault" or "battery" because "there are numerous allegations of negligence in the complaint." However, this position fails to recognize that the "Assault and Battery" exclusions in the TBIC Policy specifically provide that such exclusions bar coverage for "bodily injury" or "injury" "[a]rising in whole or in part out of any . . . act or omission in

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 13 of 15

connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation," and that such exclusions expressly "apply to. . . all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy." Accordingly, there is no coverage under the TBIC Policy for any of the claims asserted against Defendants DHW or Wells in the above-referenced suit because the "Assault and Battery" exclusions in the policy bar coverage for such claims.

In addition to the application of the "Assault and Battery" exclusions, coverage is also not afforded under the TBIC Policy for the claims asserted against Defendants DHW and Wells in the above-referenced suit for the following additional reasons. First, the "Insuring Agreement" for Coverage A - Bodily Injury and Property Damage Liability in the TBIC Policy only provides coverage for "bodily injury" or "property damage" arising out of an "occurrence" as defined above. The claims alleged against Defendants DHW and Wells do not arise from an "occurrence" (which is defined as "an accident" by the TBIC Policy), and so coverage is not triggered under the "Insuring Agreement" for Coverage A of the TBIC Policy. Additionally, to the extent that damages asserted in the above-referenced suit are related to liquor liability, coverage does not exist under Coverage A pursuant to the "Liquor Liability" exclusion quoted above. As referenced above, coverage is also barred by the Discrimination exclusion in the TBIC Policy. Finally, as it relates to Coverage A, the "Personal and Advertising Injury" exclusion quoted above bars coverage for any claims asserted against Defendants DHW and Wells to the extent that such claims qualify as "personal and advertising injury" under the TBIC Policy.

Next, the "Insuring Agreement" for Coverage B - Personal and Advertising Injury Liability under the Commercial General Liability Coverage Part only provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. The claims asserted against Defendants DHW and Wells must first constitute one of the enumerated offenses in the TBIC Policy's definition of "personal and advertising injury". Even if an enumerated offense is established, the "Knowing Violation of Right of Another" exclusion and the "Criminal Acts" exclusion quoted above also exclude coverage under Coverage B for the claims asserted against Defendants DHW and Wells in the above-referenced suit. As with Coverage A, the Discrimination exclusion also bars coverage under Coverage B of the Commercial General Liability Coverage Part.

As it relates to Coverage C - Medical Payments under the TBIC Policy, coverage is excluded under Coverage C for expenses for "bodily injury" that is excluded under Coverage A. As set forth above, coverage is excluded for the claims at issue in the above-referenced suit based upon the application of the "Assault and Battery" exclusion, the "Liquor Liability" exclusion, and the "Personal and Advertising Injury" exclusion. Accordingly, coverage is not afforded under Coverage C for the claims at issue.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Michael Montgomery
July 10, 2017
Page 14 of 15

Furthermore, coverage is also not afforded under the Liquor Liability Coverage Part in the TBIC Policy to the extent that liability is not imposed on Defendants DHW and Wells by reason of selling, serving, or furnishing of any alcoholic beverage.

Finally, the TBIC Policy includes a "Punitive Damages" exclusion by endorsement which is applicable to both the Commercial General Liability Coverage Part and the Liquor Liability Coverage Part in the TBIC Policy. The "Punitive Damages" exclusion bars coverage for "[a]ny claim of or indemnification for punitive or exemplary damages", and specifically provides that TBIC will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages. Based upon the application of the "Punitive Damages" exclusion there is no coverage for the alleged punitive damages under the TBIC policy.

Additionally, please be advised that any coverage provided by the TBIC Policy would be subject to the limits of insurance therein and any applicable deductibles. Therefore, even if there were to be coverage under the TBIC Policy, any such coverage would be limited by the TBIC Policy's limits of liability and applicable law governing, among other things, the manner in which limits are eroded and relevant provisions are applied.[1] Furthermore, if coverage were to apply (as you have contended) under both the Commercial General Liability Coverage Form and under the Liquor Liability Coverage Form, only one Limit of Liability would apply.[2] TBIC reserves all of its rights in this regard.

## CONCLUSION

Having carefully reviewed the documents provided and the grounds upon which you have tendered the above-referenced claims on behalf of Defendants DHW and Wells for coverage under the TBIC Policy, TBIC must respectfully maintain its denial of coverage under the TBIC Policy for such claims. Accordingly, TBIC must decline your request to negotiate and settle the above-referenced suit within policy limits.[3] TBIC's denial is based upon facts currently known and is made without prejudice to TBIC's rights and defenses per the terms, conditions, exclusions, and limitations of the TBIC Policy, all such rights and defenses being herein and presently reserved. TBIC does not

---

[1] With respect to the aggregate Limit of Liability, I would note that there is another claim currently pending against the Liquor Liability Coverage Part of the TBIC Policy.

[2] Specifically, the TBIC Policy provides that "If this Coverage Form and any other Coverage Form or policy issued to you by us or by any insurance company that has common ownership with us apply to the same "occurrence" or "common cause", the maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy."

[3] TBIC would also note that, despite the representation in your letter dated June 28, 2017 that counsel for Plaintiff Chisolm is "offering to settle the claim within our client's policy limits", our review of the letter from counsel for Plaintiff Chisolm indicates that counsel for Plaintiff Chisolm has only offered to settle the claims against Defendants DHW and Wells in exchange for "a Covenant Not To Execute, the executed Affidavit of Net Worth, an Affidavit verifying coverage and a check for the aforementioned insurance policy limits" to be received by July 10, 2017. As such, it does not appear that counsel for Plaintiff Chisolm has made an offer to fully settle and release all claims against Defendants DHW and Wells in exchange for the policy limits under the TBIC Policy.

Michael Montgomery
July 10, 2017
Page 15 of 15

waive any additional coverage defenses not specifically outlined in this letter, or the previous denial of coverage letter sent to Defendants DHW and Wells dated May 11, 2017. Rather, TBIC reserves the right to assert any and all defenses that its future investigation or consideration of this claim may reveal. Furthermore, TBIC expressly reserves the right to pursue declaratory relief from a proper court with respect to the coverage issues raised by this claim.

If you believe there is additional information that TBIC should consider, I invite you to give me a call and/or to respond to this correspondence. TBIC will give any such response due consideration and will provide a prompt response. Furthermore, if the Complaint is amended and if you would like for TBIC to consider the amended Complaint under the TBIC policy, please tender the new Complaint to us promptly.

With kind regards, I remain

Very truly yours,

GOLDBERG SEGALLA LLP

David L. Brown

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

 **IFG Companies**     The Burlington Insurance Company

238 International Road, Burlington, NC 27215
Wilson R. Modernel, Technical Specialist
WRModernel@IFGCompanies.com

Toll Free: (877) 434-2667
Phone: (336) 586-2607
Fax: (336) 586-2586

**CERTIFIED-RETURN RECEIPT REQUESTED #7017 0530 0000 2501 7989 & US REGULAR MAIL**

August 14, 2017

Mr. Daniel H. Wells
DHW Purchasing Group, LLC d/b/a Carolina Pour House
2201 Lee Street
Columbia, SC 29205

| Re: | Claim Number: | 213888-1 |
|---|---|---|
| | Policyholder: | DHW Purchasing Group, LLC Dba Carolina Pour House |
| | Date of Loss: | 8/20/2016 |
| | Claimant: | Matthew Yarborough |

Dear Mr. Wells:

The Burlington Insurance Company ("TBIC") acknowledges receipt of the Complaint styled <u>Matthew Yarborough v. Michael Lawrence, Daniel Halsey Wells, individually and as owner of DHW Purchasing Group LLC dba Carolina Pour House,</u> which was filed in the Court of Common Pleas for Richland Co, SC under docket #2017-CP-40-03470

The Complaint alleges that on August 20, 2016 the plaintiff was physically assaulted by Michael Lawrence who is alleged to have been acting as agent and servant of the "Pour House" and that Michael Lawrence was permitted to consume alcohol and over-serve himself. It is further alleged that the Pour House and Daniel Wells knew or reasonably could have known that Michael Lawrence has previously caused violence and trouble on the premises while under the influence of alcohol. Michael Lawrence is alleged to have initiated an altercation with the plaintiff and then physically assaulted the plaintiff by striking him in the face, and that agents and employees of the Pour House failed or refused to intervene.

The Complaint cites several causes of action, to include Negligence, Gross Negligence, Assault & Battery, and Intentional Infliction of Emotional. The plaintiff is seeking actual, consequential and punitive damages in this matter.

The recitation of these allegations is not meant to infer that TBIC accepts them as true or factual, but rather is included only to provide a context for its coverage discussion herein. We invite you to review your policy including all forms and endorsements in its entirety.

The Burlington Insurance Company ("TBIC") issued policy # HGL0042121 to DHW Purchasing Group, LLC d/b/a Carolina Pour House which was in effect from 9/5/2015 through 9/5/2016 which contains a Commercial General Liability coverage part -- CG 00 01 1207.

The Insuring Agreement under Coverage A reads as follows:

*SECTION I – Coverages*
*COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY*



EXHIBIT

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

1. *Insuring Agreement*

   a.    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ..*

Form CG 00 01 1207, provides clear definitions for the elements of the Insuring Agreement. Please refer to SECTION V – DEFINITIONS:

3.  *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

17. *"Property damage" means:*

   a.    *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
   b.    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

   *For the purposes of this insurance, electronic data is not tangible property.*

   *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

The policy provides coverage for "bodily injury" or "property damage" arising out of an "occurrence" as defined above.   The matter as it has been alleged does not constitute "bodily injury" or "property damage" arising from an "occurrence". There is no potential for any duty under Coverage A of the policy.

Without conceding a duty or the potential for any duty under Coverage A, we refer you to the following exclusions set forth below that remove any duty under Coverage A:

   2.    *Exclusions*

         *This insurance does not apply to:*

         a.    *Expected or Intended Injury*

         *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

To the extent this matter involves injury that was expected or intended, coverage will not exist.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

    *c. Liquor Liability*

    *"Bodily injury" or "property damage" for which any insured may be held liable by reason of:*
    *(1) Causing or contributing to the intoxication of any person;*
    *(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
    *(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*

    *This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages*

To the extent the damages arose from the alleged intoxication of Michael Lawrence, coverage does not exist for such damages under the general liability policy pursuant to the above exclusion.

    *o. Personal And Advertising Injury*

    *"Bodily injury" arising out of "personal and advertising injury."*

Coverage also does not exist under the policy for damages related to "Bodily injury" arising out of "personal and advertising injury."

We now direct your attention to Coverage B of the policy:

*COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY*

*1. Insuring Agreement*

    *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against and "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.*
    *b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

The policy provides clear definitions for the elements of the Insuring Agreement under Coverage B. Please again refer to SECTION V – DEFINITIONS

*1. Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters…*

*14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

    *a. False arrest, detention or imprisonment;*
    *b. Malicious prosecution;*
    *c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

    *d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization except that this offense does not include slander or libel that disparages a person's or organization's goods, products or services, or infringes upon another's copyright, trade dress or slogan; or*

    *e.  Oral or written publication, in any manner, of material that violates a person's right of privacy.*

    *f.  The use of another's advertising idea in your "advertisement"; or*

    *g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

The matter as it has been alleged, does not constitute an enumerated offense in the definition of personal and advertising injury as defined in the above endorsement. The matter likewise, does not constitute an advertisement as defined in the policy. There is no potential for any duty under Coverage B of the policy.

Without conceding a duty or the potential for any duty under Coverage B, we refer you to the following exclusions set forth below that remove any duty under Coverage B:

    *2.  Exclusions*

        *This insurance does not apply to:*

            *a.    Knowing Violation Of Rights Of Another*
            *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

            *d.    Criminal Acts*
            *"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.*

The policy also contains endorsement BG-G-042 02 11. This endorsement was noted in your policy declarations and was made part of the policy at its inception. The endorsement reads as follows:

        *EXCLUSION – ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*A.  <u>Paragraph D. of this endorsement replaces exclusion a.</u> of 2. Exclusions in Section I - <u>Coverage A</u> - Bodily Injury and Property Damage under the Commercial General Liability Coverage Form.*

*B.  Paragraph E. of this endorsement is added to 2. Exclusions of Section I - <u>Coverage B</u> - Personal and Advertising Injury Liability under the Commercial General Liability Coverage Form.*

*C.  When the Miscellaneous Professional Liability Coverage endorsement is attached, Paragraph F. of this endorsement is added to Paragraph 2. Exclusions under the Miscellaneous Professional Liability Coverage endorsement.*

*D.  This insurance does not apply to:*

    *a.  Assault, Battery Or Other Physical Altercation*
    *"Bodily injury" or "property damage":*
    *(1) Expected or intended from the standpoint of any insured.*
    *(2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.*
    *(3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."*
    *(4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

E. This insurance does not apply to:

  z. Assault, Battery Or Other Physical Altercation
      "Personal and advertising injury":
      1)  Expected or intended from the standpoint of any insured.
      (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.
      (3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."
      (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

F.   This insurance does not apply to:
     Assault, Battery Or Other Physical Altercation
     Any "damages" arising out of any actual, alleged or threatened "assault" or "battery".
G.   The exclusions added in paragraphs D, E and F of this endorsement apply to all acts or omissions, including any act or omission in responding to or failing to respond  or render aid, medical or otherwise, to any victim of the "assault" or "battery", and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.
H.   The following are added to the Definitions Section of this policy:

"Assault" means any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability so to do, and any intentional display of force such as would give a victim reason to fear or expect immediate bodily harm.

"Battery" means wrongful physical contact with a person without his or her consent that entails some injury or offensive touching.

The injuries in this matter arose from an "assault and battery".  As outlined in the Assault, Battery or Other Physical Altercation exclusion cited above, this insurance does not apply for "bodily injury" or "property damage" expected or intended from the standpoint of any insured; or arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery, to include all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort. Therefore, there is no potential for any duty owed under Coverage A and Coverage B of the Commercial General Liability policy with TBIC.

The policy also contains the following endorsement, BG-G-005 05 10 that formed a part of the policy at inception and reads as follows:

EXCLUSION – PUNITIVE DAMAGES

A. Paragraph B of this endorsement is added to the Exclusions under all coverage forms and endorsements that form a part of this policy.
B. This insurance does not apply to:

Punitive Damages

Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages.

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

Based on the above endorsement there is no coverage for the alleged punitive damages under the TBIC policy.

Additionally, the policy under coverage form CG00 01 12 07 contains Coverage C - Medical Payments, which reads in relevant part as follows:

*SECTION I - COVERAGES*

*COVERAGE C. MEDICAL PAYMENTS*

*1.  Insuring Agreement*

> *a.  We will pay medical expenses as described below for "bodily injury" caused by an accident:*
>
>> *(1) On premises you own or rent; …*
>
> *b.  We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:*
>
>> *(1)  First aid administered at the time of an accident;*
>>
>> *(2)  Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and*
>>
>> *(3)  Necessary ambulance, hospital, professional nursing and funeral services.*

*2.  Exclusions*

*We will not pay expenses for "bodily injury":*

> *g.  Coverage A Exclusions*
>
>> *Excluded under Coverage A.*

Since the loss is excluded under Coverage A., the Medical Payments Coverage is also not afforded for this loss.

The policy also contains a Liquor Liability Coverage Form.  The Insuring Agreement of that coverage form – CG 00 33 1207 – reads as follows:

*SECTION I – LIQUOR LIABILITY COVERAGE*

*1. Insuring Agreement*

> *a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result…*

*2. Exclusions*

*This insurance does not apply to:*

> *a.  Expected or Intended Injury*
>
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

The Liquor Liability Coverage Part is modified by endorsement – BG-L-231 0212. This endorsement was noted in your policy declarations and was made part of the policy at its inception. The endorsement reads as follows:

*BG-L-231 0212-- EXCLUSION – ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION*

*This endorsement modifies insurance provided under the following:*

    *LIQUOR LIABILITY COVERAGE PART*

A. *Paragraph B of this endorsement replaces exclusion a. of 2. Exclusions in Section I - Liquor Liability Coverage under the Liquor Liability Coverage Form.*
B. *This insurance does not apply to:*

    a.  *Assault, Battery Or Other Physical Altercation "Injury":*
        (1) *Expected or intended from the stand-point of any insured.*
        (2) *Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.*
        (3) *Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."*
        (4) *Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.*

*This exclusion a.(1) through a.(4) applies to all acts or omissions, including any act or omission in responding to or failing to respond  or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.*

The injuries in this matter arose from an "assault and battery". As outlined in the exclusion cited above, this insurance does not apply for "bodily injury" or "property damage" expected or intended from the standpoint of any insured; or arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery, to include all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort. Therefore, there is no potential for any duty owed under the Liquor Liability Coverage part of the policy for the damages sought under the terms and conditions of the policy with TBIC.

Based on the foregoing reasons there is no coverage for this loss under any part of the policy. Therefore, TBIC has no duty to defend or indemnify Daniel Halsey Wells IV, in his individual capacity or as owner of DHW Purchasing Group LLC; DHW Purchasing Group, LLC d/b/a Carolina Pour House, or any other party involved for any settlement or judgment rendered in this matter.

If you have other available insurance for this matter, TBIC suggests that you place that carrier(s) on notice for their coverage determination. In conjunction with that or in the alternative, TBIC suggests that you retain counsel, at your own expense, to protect your interests.

This communication should not be deemed or construed as a waiver of any of the rights of TBIC, including those rights provided in the contract of insurance. TBIC reserves its right to assert any other policy provisions or legal principles that would further preclude any defense or indemnity obligation should additional facts, not currently alleged, become known.

Should any additional legal proceedings be initiated or other demands or claims be made, please forward such materials to TBIC so the allegations may also be evaluated under the terms and conditions of the policy.

If you disagree with any of the matters set forth herein or if you believe there is additional information TBIC should consider, TBIC invites you to respond to this correspondence. TBIC will give any such response due consideration and will provide a prompt response.

Should you have any questions, please don't hesitate to contact me.

Sincerely,

Wilson R. Modernel
Technical Specialist
Claim Department

Cc:    All Risks, Ltd
       14045 Ballantyne Corporate Pl., Suite 100
       Charlotte NC 28277

       Montgomery Willard, LLC
       1002 Calhoun Street (29201)
       Post Office Box 11886
       Columbia, South Carolina 29211

ELECTRONICALLY FILED - 2019 Mar 18 2:30 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

AFFIDAVIT OF SERVICE                    FILE NO:

STATE OF SOUTH CAROLINA                 IN THE COURT: COMMON PLEAS
COUNTY OF: RICHLAND                     DOCKET NUMBER: 2019-CP-40-01542

PLAINTIFF: DHW PURCHASING GROUP, LLC DBA CAROLINA POUR HOUSE and DANIEL
WELLS

      VS

DEFENDANT: KEENANSUGGS INSURANCE, ALL RISKS, LTD, and THE BURLINGTON
INSURANCE COMPANY ("TBIC")

SERVICE OF PROCESS ON: THE BURLINGTON INSURANCE COMPANY ("TBIC") C/O SOUTH CAROLINA
INSURANCE COMMISIONER
ADDRESS OF SERVICE: 1201 MAIN ST. STE 1000, COLUMBIA, SC 29201
DATE AND TIME OF SERVICE: 3-28-2019, 12:56P.M.

DOCUMENTS SERVED: COMPLAINT AND SUMMONS

PERSON SERVED: A TRUE AND CORRECT COPY OF THE PAPERS WAS SERVED ON THE
NAME PARTY IN THE FOLLOWING MANNER:

_____    BY PERSONALLY DELIVERING THEM TO THE PERSON SERVED:

_____ (SUBSTITUTE) BY LEAVING A COPY AT HIS/HER USUAL PLACE OF ABODE WITH
SOME PERSON OF SUITABLE AGE AND DISCRETION RESIDING THEREIN:
     NAME:                    RELATIONSHIP:

__XX__   BY DELIVERING THEM TO AN OFFICER OR AGENT WHOSE NAME AND TITLE IS:
     EDNA WILSON    -AUTHORIZED TO ACCEPT LEGAL SERVICE


DESCRIPTION OF PERSON RECEIVING DOCUMENTS;
SEX: FEMALE    SKIN COLOR: WHITE    AGE APPROX: 41    HAIR COLOR: BLACK
FACIAL HAIR: NONE    WEIGHT APPROX LBS: 140    HEIGHT APPROX: 5'4

SIGNATURE OF PROCESS SERVER: UNDERSIGNED DECLARES THAT THE FOREGOING IS
TRUE AND CORRECT AND THAT THE DEPONENT IS OVER THE AGE OF 18 AND IS NOT A
PARTY TO NOR INTERESTED IN THIS ACTION.

SIGNATURE OF PROCESS SERVER:_____
NAME OF PROCESS SERVER: MARK WEAGHINGTON

SWORN TO BEFORE ME THIS_10__ DAY OF APRIL, 2019

_____
NOTARY PUBLIC FOR SOUTH CAROLINA          COMMISSION EXPIRATION: 3-12-2023

ELECTRONICALLY FILED - 2019 Apr 15 3:49 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

AFFIDAVIT OF SERVICE                    FILE NO:

STATE OF SOUTH CAROLINA                 IN THE COURT: COMMON PLEAS
COUNTY OF: RICHLAND                     DOCKET NUMBER: 2019-CP-40-01542

PLAINTIFF: DHW PURCHASING GROUP, LLC DBA CAROLINA POUR HOUSE and DANIEL
WELLS

      VS

DEFENDANT: KEENANSUGGS INSURANCE, ALL RISKS, LTD, and THE BURLINGTON
INSURANCE COMPANY ("TBIC")

SERVICE OF PROCESS ON: KEENENSUGGS INSURANCE
ADDRESS OF SERVICE: 1330 LADY ST. COLUMBIA, SC 29201
DATE AND TIME OF SERVICE: 4-5-2019, 12:16 P.M.

DOCUMENTS SERVED: COMPLAINT AND SUMMONS

PERSON SERVED: A TRUE AND CORRECT COPY OF THE PAPERS WAS SERVED ON THE
NAME PARTY IN THE FOLLOWING MANNER:

_____    BY PERSONALLY DELIVERING THEM TO THE PERSON SERVED:

_____    (SUBSTITUTE) BY LEAVING A COPY AT HIS/HER USUAL PLACE OF ABODE WITH
SOME PERSON OF SUITABLE AGE AND DISCRETION RESIDING THEREIN:
      NAME:                    RELATIONSHIP:

__XX__    BY DELIVERING THEM TO AN OFFICER OR AGENT WHOSE NAME AND TITLE IS:
      ANGELA MEETONE    -AUTHORIZED TO ACCEPT LEGAL SERVICE


DESCRIPTION OF PERSON RECEIVING DOCUMENTS;
SEX: FEMALE    SKIN COLOR: WHITE    AGE APPROX: 44    HAIR COLOR: BLONDE
FACIAL HAIR: NONE    WEIGHT APPROX LBS: 130    HEIGHT APPROX: 5'6


SIGNATURE OF PROCESS SERVER: UNDERSIGNED DECLARES THAT THE FOREGOING IS
TRUE AND CORRECT AND THAT THE DEPONENT IS OVER THE AGE OF 18 AND IS NOT A
PARTY TO NOR INTERESTED IN THIS ACTION.

SIGNATURE OF PROCESS SERVER:_____
NAME OF PROCESS SERVER: MARK WEAGHINGTON

SWORN TO BEFORE ME THIS_10__ DAY OF APRIL, 2019

_____
NOTARY PUBLIC FOR SOUTH CAROLINA    COMMISSION EXPIRATION: 3-12-2023

AFFIDAVIT OF SERVICE

FILE NO:

STATE OF SOUTH CAROLINA
COUNTY OF: RICHLAND

IN THE COURT: COMMON PLEAS
DOCKET NUMBER: 2019-CP-40-01542

PLAINTIFF: DHW PURCHASING GROUP, LLC DBA CAROLINA POUR HOUSE and DANIEL WELLS

        VS

DEFENDANT: KEENANSUGGS INSURANCE, ALL RISKS, LTD, and THE BURLINGTON INSURANCE COMPANY ("TBIC")

SERVICE OF PROCESS ON:  HUB INTERNATIONAL C/O KEENENSUGGS INSURANCE, REGISTERED AGENT
ADDRESS OF SERVICE: 1330 LADY ST. COLUMBIA, SC 29201
DATE AND TIME OF SERVICE: 4-5-2019, 12:16 P.M.

DOCUMENTS SERVED: COMPLAINT AND SUMMONS

PERSON SERVED: A TRUE AND CORRECT COPY OF THE PAPERS WAS SERVED ON THE NAME PARTY IN THE FOLLOWING MANNER:

_____    BY PERSONALLY DELIVERING THEM TO THE PERSON SERVED:

_____  (SUBSTITUTE) BY LEAVING A COPY AT HIS/HER USUAL PLACE OF ABODE WITH SOME PERSON OF SUITABLE AGE AND DISCRETION RESIDING THEREIN:
        NAME:                    RELATIONSHIP:

__XX__   BY DELIVERING THEM TO AN OFFICER OR AGENT WHOSE NAME AND TITLE IS:
        ANGELA MEETONE    -AUTHORIZED TO ACCEPT LEGAL SERVICE

DESCRIPTION OF PERSON RECEIVING DOCUMENTS;
SEX: FEMALE    SKIN COLOR: WHITE    AGE APPROX: 44    HAIR COLOR: BLONDE
FACIAL HAIR: NONE    WEIGHT APPROX LBS: 130    HEIGHT APPROX: 5'6

SIGNATURE OF PROCESS SERVER: UNDERSIGNED DECLARES THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THE DEPONENT IS OVER THE AGE OF 18 AND IS NOT A PARTY TO NOR INTERESTED IN THIS ACTION.

SIGNATURE OF PROCESS SERVER: _____
NAME OF PROCESS SERVER: MARK WEAGHINGTON

SWORN TO BEFORE ME THIS_10__ DAY OF APRIL, 2019

_____
NOTARY PUBLIC FOR SOUTH CAROLINA

COMMISSION EXPIRATION: 3-10-2023



ELECTRONICALLY FILED - 2019 Apr 15 3:49 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Apr 15 3:49 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

AFFIDAVIT OF SERVICE

FILE NO:

STATE OF SOUTH CAROLINA
COUNTY OF: RICHLAND

IN THE COURT: COMMON PLEAS
DOCKET NUMBER: 2019-CP-40-01542

PLAINTIFF: DHW PURCHASING GROUP, LLC DBA CAROLINA POUR HOUSE and DANIEL
WELLS

VS

DEFENDANT: KEENANSUGGS INSURANCE, ALL RISKS, LTD, and THE BURLINGTON
INSURANCE COMPANY ("TBIC")

SERVICE OF PROCESS ON: ALL RISKS, LTD C/O CT COTPORATION SYSTEM, REGISTERED AGENT
ADDRESS OF SERVICE: 2 OFFICE PARK CT. STE 103, COLUMBIA, SC 29223
DATE AND TIME OF SERVICE: 4-9-2019, 1:49 P.M.

DOCUMENTS SERVED: COMPLAINT AND SUMMONS

PERSON SERVED: A TRUE AND CORRECT COPY OF THE PAPERS WAS SERVED ON THE
NAME PARTY IN THE FOLLOWING MANNER:

_____    BY PERSONALLY DELIVERING THEM TO THE PERSON SERVED:

_____    (SUBSTITUTE) BY LEAVING A COPY AT HIS/HER USUAL PLACE OF ABODE WITH
SOME PERSON OF SUITABLE AGE AND DISCRETION RESIDING THEREIN:
        NAME:                    RELATIONSHIP:

__XX__    BY DELIVERING THEM TO AN OFFICER OR AGENT WHOSE NAME AND TITLE IS:
        PAM JOHNSON    -AUTHORIZED TO ACCEPT LEGAL SERVICE

DESCRIPTION OF PERSON RECEIVING DOCUMENTS;
SEX: FEMALE    SKIN COLOR: WHITE    AGE APPROX: 54    HAIR COLOR: BROWN
FACIAL HAIR: NONE    WEIGHT APPROX LBS: 190    HEIGHT APPROX: 5'4

SIGNATURE OF PROCESS SERVER: UNDERSIGNED DECLARES THAT THE FOREGOING IS
TRUE AND CORRECT AND THAT THE DEPONENT IS OVER THE AGE OF 18 AND IS NOT A
PARTY TO NOR INTERESTED IN THIS ACTION.

SIGNATURE OF PROCESS SERVER:_____
NAME OF PROCESS SERVER: MARK WEAGHINGTON

SWORN TO BEFORE ME THIS_10__ DAY OF APRIL, 2019

_____
NOTARY PUBLIC FOR SOUTH CAROLINA    COMMISSION EXPIRATION: 3-12-2023



# Certificate of Electronic Notification

## Recipients

**Michael Montgomery**  - Notification transmitted on 04-15-2019 03:49:56 PM.

ELECTRONICALLY FILED - 2019 Apr 15 4:12 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2019CP4001542

| | |
|---|---|
| **Official File Stamp:** | 04-15-2019 03:49:44 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Dhw Purchasing Group Llc , plaintiff, et al vs Keenansuggs Insurance , defendant, et al |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | Michael H. Montgomery |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Michael H. Montgomery for Dhw Purchasing Group Llc, Daniel H Wells

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tbic

Carolina Poor House

All Risks Ltd

Burlington Insurance Company

Keenansuggs Insurance

ELECTRONICALLY FILED - 2019 Apr 15 4:12 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

DHW Purchasing Group, LLC d/b/a
Carolina Pour House, and Daniel Wells,

               Plaintiffs,

vs.

Keenan Suggs Insurance, All Risks,
Ltd., and The Burlington Insurance
Group, ("TBIC")

               Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FIFTH JUDICIAL CIRCUIT

CASE NO.: 2019-CP-40-01542

**DEFENDANT ALL RISKS, LTD.'S ANSWER
TO PLAINTIFFS' COMPLAINT
(JURY TRIAL DEMANDED)**

Defendant All Risks, Ltd. (hereinafter "All Risks"), hereby answers Plaintiffs' Complaint in the above-captioned civil action as follows:

1.     All Risks denies each and every allegation not specifically admitted herein.

2.     The allegations contained in Paragraphs 1 through 3 of Plaintiffs' Complaint are not directed towards All Risks and no response is required of it.  To the extent a response is required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 1 through 3 and, therefore, denies the same.

3.     All Risks admits only so much of the allegations contained in Paragraph 4 of Plaintiffs' Complaint as indicate All Risks is a Maryland company authorized to do business in South Carolina as a licensed wholesale insurance broker.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 4.

4.     The allegations contained in Paragraph 5 of Plaintiffs' Complaint are not directed towards All Risks and no response is required of it.  To the extent a response is required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 5 and, therefore, denies the same.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

5.      All Risks is not required to respond to the statements or conclusions of law contained in Paragraph 6 of Plaintiffs' Complaint, and All Risks does not contest jurisdiction at this time.

6.      All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 7 through 19 and, therefore, denies the same.

7.      All Risks is not required to respond to the statements or conclusions of law contained in Paragraph 20 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations of Paragraph 20.

8.      All Risks admits only so much of the allegations contained in Paragraph 21 of Plaintiffs' Complaint as indicate All Risks placed certain insurance programs for certain restaurants, bars, taverns, and nightclubs.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 21.

9.      All Risks admits only so much of the allegations contained in Paragraphs 22 and 23 of Plaintiffs' Complaint as indicate the italicized language appeared on All Risks' website at certain times.  All Risks denies any additional or inconsistent allegations set forth in Paragraphs 22 and 23.

10.      All Risks admits only so much of the allegations contained in Paragraph 24 of Plaintiffs' Complaint as indicate All Risks placed certain insurance programs for certain restaurants, bars, and taverns.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 24.

11.      All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 25 and 26 and, therefore, denies the same.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

12.     All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 27 and 28 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations of Paragraphs 27 and 28.

13.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 29 and, therefore, denies the same.

14.     In response to Paragraphs 30 through 32, All Risks refers to the subject policy for the language stated therein.  All Risks denies any additional or inconsistent allegations set forth in Paragraphs 30 through 32.

15.     All Risks denies the allegations contained in Paragraph 33.

16.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 34 through 36 and, therefore, denies the same.

17.     All Risks denies the allegations contained in Paragraph 37.

18.     In response to Paragraphs 38 through 40, All Risks refers to the subject policy for the language stated therein.  All Risks denies any additional or inconsistent allegations set forth in Paragraphs 38 through 40.

19.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 41 and, therefore, denies the same.

20.     All Risks admits only so much of the allegations contained in Paragraph 42 of Plaintiffs' Complaint as indicate the italicized language contained in Paragraph 22 of the Complaint appeared on All Risks' website at certain times.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 42.

21.     The allegations contained in Paragraphs 43 through 45 of Plaintiffs' Complaint are not directed towards All Risks and no response is required of it.  To the extent a response is

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 43 through 45 and, therefore, denies the same.

22.     All Risks denies the allegations contained in Paragraph 46.

23.     All Risks admits only so much of the allegations contained in Paragraph 47 of Plaintiffs' Complaint as indicate Mr. Chisolm filed a lawsuit in Richland County Clerk of Court's Office as Case Number 2017-CP-40-02512 on April 26, 2017, and All Risks refers to this Chisolm Claim for the language stated therein.

24.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 48 and, therefore, denies the same.

25.     In response to Paragraph 49, All Risks refers to the Chisolm Claim for the language stated therein.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 49.

26.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 50 and, therefore, denies the same.

27.     All Risks admits only so much of the allegations contained in Paragraph 51 of Plaintiffs' Complaint as indicate, upon information and belief, that Plaintiffs are named insureds in the subject policy.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 51.

28.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 52, and All Risks refers to Exhibit A attached to Plaintiffs' Complaint for the language stated therein.

29.     All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 53 through 56 and, therefore, denies the same.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

30.    All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 57, and All Risks refers to Exhibit B attached to Plaintiffs' Complaint for the language stated therein.

31.    All Risks is not required to respond to the statements or conclusions of law contained in Paragraph 58 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations of Paragraph 58.

32.    All Risks admits only so much of the allegations contained in Paragraphs 59 and 60 of Plaintiffs' Complaint as indicate Mr. Yarborough filed a lawsuit in Richland County Clerk of Court's Office as Case Number 2017-CP-40-03470 on June 6, 2017, and All Risks refers to this Yarborough Claim for the language stated therein.  All Risks denies any additional or inconsistent allegations set forth in Paragraphs 59 and 60.

33.    All Risks admits only so much of the allegations contained in Paragraph 61 of Plaintiffs' Complaint as indicate All Risks placed the subject policy.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 61.

34.    All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 62 and, therefore, denies the same.

35.    All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 63, and All Risks refers to Exhibit C attached to Plaintiffs' Complaint for the language stated therein.

36.    All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 64 through 66 and, therefore, denies the same.

37.    All Risks denies the allegations contained in Paragraphs 67 through 69.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

38.    All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 70 through 73 and, therefore, denies the same.

39.    All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 74 through 76 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations of Paragraphs 74 through 76.

## AS TO PLAINTIFFS' FIRST CAUSE OF ACTION
### (Breach of Contract)

40.    Responding to Paragraph 77 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

41.    All Risks admits only so much of the allegations contained in Paragraph 78 of Plaintiffs' Complaint as indicate All Risks placed the subject policy.  All Risks denies any additional or inconsistent allegations set forth in Paragraph 78.

42.    All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 79 through 82 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 79 through 82.

## AS TO PLAINTIFFS' SECOND CAUSE OF ACTION
### (Breach of Contract Accompanied by Fraudulent Acts)

43.    Responding to Paragraph 83 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

44.    All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 84 through 86 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 84 through 86.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

### AS TO PLAINTIFFS' THIRD CAUSE OF ACTION
**(Bad Faith Refusal to Pay First-Party Benefits)**
**(Against Defendant TBIC)**

45.      Responding to Paragraph 87 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

46.      The allegations contained in Paragraphs 88 through 90 of Plaintiffs' Complaint, including all subparts therein, are not directed towards All Risks and no response is required of it. To the extent a response is required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 88 through 90 and, therefore, denies the same.

### AS TO PLAINTIFFS' FOURTH CAUSE OF ACTION
**(Improper Claims Practices)**
**(Against Defendant TBIC)**

47.       Responding to Paragraph 91 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

48.      The allegations contained in Paragraphs 92 through 96 of Plaintiffs' Complaint, including all subparts therein, are not directed towards All Risks and no response is required of it. To the extent a response is required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 92 through 96 and, therefore, denies the same.

### AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION
**(Negligence and Gross Negligence)**
**(Against All Defendants)**

49.      Responding to Paragraph 97 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

50.     All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 98 through 100 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 98 through 100.

51.     The allegations contained in Paragraph 101 of Plaintiffs' Complaint are not directed towards All Risks and no response is required of it.  To the extent any of these allegations state or imply any liability on the part of All Risks, All Risks denies the same and demands strict proof thereof.

52.     All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 102 through 106 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 102 through 106.

### AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION
**(Constructive Fraud)**
**(Against All Defendants)**

53.     Responding to Paragraph 107 of Plaintiffs' Complaint, All Risks restates its responses to the preceding Paragraphs in Plaintiffs' Complaint as if fully stated herein.

54.     All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 108 through 112 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 108 through 112.

55.     The allegations contained in Paragraphs 113 through 115 of Plaintiffs' Complaint are not directed towards All Risks and no response is required of it.  To the extent a response is required, All Risks is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraphs 113 through 115 and, therefore, denies the same.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

56.    All Risks is not required to respond to the statements or conclusions of law contained in Paragraphs 116 through 127 of Plaintiffs' Complaint.  To the extent a response may be required, All Risks denies the allegations contained in Paragraphs 116 through 127.

57.    To the extent the WHEREFORE Paragraph in Plaintiffs' Complaint, or any subparts or subsequent paragraphs, contain any allegations that state or imply any liability on the part of All Risks, All Risks denies the same and demands strict proof thereof.

**<u>FURTHER RESPONDING TO THE COMPLAINT</u>**
**<u>AND AS AN AFFIRMATIVE DEFENSE THERETO:</u>**

58.    Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6), SCRCP.

**<u>FURTHER RESPONDING TO THE COMPLAINT</u>**
**<u>AND AS AN AFFIRMATIVE DEFENSE THERETO:</u>**

59.    Plaintiffs have failed to plead fraud with particularity or otherwise comply with the pleading requirements of SCRCP Rule 9.

**<u>FURTHER RESPONDING TO THE COMPLAINT</u>**
**<u>AND AS AN AFFIRMATIVE DEFENSE THERETO:</u>**

60.    Plaintiffs lack standing and/or capacity to pursue their claims against All Risks.

**<u>FURTHER RESPONDING TO THE COMPLAINT</u>**
**<u>AND AS AN AFFIRMATIVE DEFENSE THERETO:</u>**

61.    All Risks incorporates Plaintiffs' insurance contract(s) with other parties as referenced in the pleadings as a complete defense to Plaintiffs' claims against All Risks.

**<u>FURTHER RESPONDING TO THE COMPLAINT</u>**
**<u>AND AS AN AFFIRMATIVE DEFENSE THERETO:</u>**

62.    To the extent applicable, All Risks raises all affirmative defenses required by Rule 8(c) SCRCP.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

63.    Plaintiffs' claims, either in whole or in part, are barred by the applicable statute of limitations.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

64.    All Risks acted reasonably and in good faith in its actions with regard to the allegations set forth in the Complaint and in its interactions, if any, with Plaintiffs.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

65.    All Risks did not owe a duty of care to Plaintiffs.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

66.    The damages sustained by Plaintiffs, if any, were due to and caused by and were the direct and proximate result of Plaintiffs' own intentional acts, Plaintiffs' own negligence, and/or the intervening and superseding negligence or other wrongful conduct of others, and Plaintiffs' recovery, if any, should be barred or reduced as provided by law.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

67.    Plaintiffs' claims against All Risks are barred to the extent relief is obtainable from other avenues.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

68.    All Risks is or may be entitled to such offsets that may be revealed by information obtained during the course of investigation and discovery as consistent with applicable law.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

69.     Plaintiffs' claims against All Risks are barred due to their failure to mitigate damages.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

70.     Plaintiffs' claims are or may be barred by the doctrines of consent, condonation, and/or ratification.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

71.     Plaintiffs' claims are or may be barred by the doctrines of waiver, estoppel, and/or unclean hands.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

72.     No act or omission of All Risks was the cause of any damages to Plaintiffs.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

73.     Plaintiffs' Complaint fails to state a claim upon which punitive damages can be awarded and/or allege facts which, if proven, would entitle Plaintiffs to an award of punitive damages.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

74.     Any award of punitive damages in this action would be in violation of the rights of All Risks under the United States Constitution and the Constitution of the State of South Carolina.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

75.     Pursuant to S.C. Code Ann § 15-32-520, All Risks demands that Plaintiffs' claim for punitive damages be bifurcated in accordance with the process mandated by statute.

ELECTRONICALLY FILED - 2019 Apr 25 3:40 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

## FURTHER RESPONDING TO THE COMPLAINT
## AND AS AN AFFIRMATIVE DEFENSE THERETO:

76.     Plaintiffs' Complaint fails to state a claim upon which attorney's fees can be awarded or allege facts which, if proven, would entitle Plaintiffs to an award of attorney's fees.

## FURTHER RESPONDING TO THE COMPLAINT
## AND AS AN AFFIRMATIVE DEFENSE THERETO:

77.     All Risks reserves the right to raise any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint, All Risks prays that the Complaint be dismissed with prejudice, for all costs of the action to be cast upon Plaintiffs, and for such other and further relief as this Court deems just and proper.

This 25th day of April, 2019.

Respectfully submitted,

EARHART OVERSTREET LLC

By:     s/ Robert C. Blain
         DAVID W. OVERSTREET
         State Bar No.: 16965

         ROBERT C. BLAIN
         State Bar No.:100024

PO Box 22528                    Attorneys for Defendant All Risks, Ltd.
Charleston, SC 29413
843-972-9400

# Certificate of Electronic Notification

## Recipients

**Michael Montgomery**  - Notification transmitted on 04-25-2019 03:41:31 PM.

ELECTRONICALLY FILED - 2019 Apr 25 4:09 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2019CP4001542

| | |
|---|---|
| **Official File Stamp:** | 04-25-2019 03:40:24 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Dhw Purchasing Group Llc , plaintiff, et al vs Keenansuggs Insurance , defendant, et al |
| **Event(s):** | |
| Notice/Notice of Appearance | |
| **Document(s) Submitted:** | Answer/Answer |
| | Motion/Dismiss |
| **Filed by or on behalf of:** | Robert Canna Blain |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Michael H. Montgomery for Dhw Purchasing Group Llc, Daniel H Wells

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tbic

Carolina Poor House

All Risks Ltd

Burlington Insurance Company

Keenansuggs Insurance

ELECTRONICALLY FILED - 2019 Apr 25 4:09 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Robert Blain** - Notification transmitted on 04-25-2019 04:15:33 PM. |
| **Michael Montgomery** - Notification transmitted on 04-25-2019 04:15:33 PM. |

ELECTRONICALLY FILED - 2019 Apr 25 4:16 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2019CP4001542

| | |
|---|---|
| **Official File Stamp:** | 04-25-2019 04:14:51 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Dhw Purchasing Group Llc , plaintiff, et al vs Keenansuggs Insurance , defendant, et al |

**Event(s):**

Notice/Notice of Appearance

**Filed by or on behalf of:**

David W. Overstreet

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Robert Canna Blain for All Risks Ltd

Michael H. Montgomery for Dhw Purchasing Group Llc, Daniel H Wells

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tbic

Carolina Poor House

Burlington Insurance Company

Keenansuggs Insurance

ELECTRONICALLY FILED - 2019 Apr 25 4:16 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Robert Blain**  - Notification transmitted on 04-26-2019 09:42:03 AM. |
| **David Overstreet**  - Notification transmitted on 04-26-2019 09:42:03 AM. |
| **Michael Montgomery**  - Notification transmitted on 04-26-2019 09:42:02 AM. |

ELECTRONICALLY FILED - 2019 Apr 26 9:42 AM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

ELECTRONICALLY FILED - 2019 Apr 26 9:42 AM - RICHLAND - COMMON PLEAS - CASE#2019CP4001542

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]
–

**A filing has been submitted to the court RE:** 2019CP4001542

**Official File Stamp:**           04-26-2019 09:41:47 AM

**Court:**                         CIRCUIT COURT

                                   Common Pleas

                                   Richland

**Case Caption:**                  Dhw Purchasing Group Llc , plaintiff, et al vs
                                   Keenansuggs Insurance , defendant, et al

**Event(s):**

Notice/Notice of Appearance        **Filed by or on behalf of:**

Floyd Matlock Elliott

This notice was automatically generated by the Court's auto-notification system.
–

**The following people were served electronically:**

                                   Robert Canna Blain for All Risks Ltd

                                   Michael H. Montgomery for Dhw Purchasing
                                   Group Llc, Daniel H Wells

                                   David W. Overstreet for All Risks Ltd

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                                   Tbic

                                   Carolina Poor House

                                   Burlington Insurance Company

                                   Keenansuggs Insurance

# HAYNSWORTH
# SINKLER BOYD

HAYNSWORTH SINKLER BOYD, P.A.
ONE NORTH MAIN STREET, 2ND FLOOR
P.O. BOX 2048 (29602)
GREENVILLE, SOUTH CAROLINA 29601
MAIN 864.240.3200
FAX 864.240.3300
www.hsblawfirm.com

F. MATLOCK ELLIOTT
DIRECT 864.240.3240
melliott@hsblawfirm.com

April 26, 2019

Michael H. Montgomery, Esq.
MONTGOMERY WILLARD, LLC
Post Office Box 11886
Columbia, SC 29211-1886

Robert Canna Blain, Esq.
David W. Overstreet, Esq.
EARHART OVERSTREET
P.O. Box 22528
Charleston, SC 29413

David G. Harris, II, Esq.
David L. Brown, Esq.
GOLDBERG SEGALLA, LLP
800 Green Valley Road, Suite 302
Greensboro, NC 27408

Re:    *DHW Purchasing Group, LLC d/b/a Carolina Pour House and Daniel Wells v.*
       *KeenanSuggs Insurance, LTD., All Risks, LTD., and The Burlington Insurance Company*
       *Case No. 2019-CP-40-01542*

Dear Counselors:

Enclosed is HUB International's Motion to Dismiss and a Certificate of Service.

Sincerely yours,

F. Matlock Elliott

F. Matlock Elliott

FME/wam