IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DHW PURCHASING GROUP, LLC dba Carolina Pour House and DANIEL WELLS,<br><br>Plaintiffs,<br><br>v.<br><br>HUB INTERNATIONAL MIDWEST LIMITED, KEENANSUGGS INSURANCE, ALLRISKS, LTD., and THE BURLINGTON INSURANCE COMPANY,<br><br>Defendants. | C/A No. 3:19-cv-1243-CMC<br><br><br>Opinion and Order<br>on Motion to Remand<br>ECF No. 58 |

Through this action, Plaintiffs Daniel Wells ("Wells") and DHW Purchasing Group, LLC ("DHW") (collectively "Plaintiffs") seek recovery for claims arising from the purchase of insurance and subsequent denial of coverage for two lawsuits. Those lawsuits arose from incidents at The Carolina Pour House ("Pour House"), a business owned and operated by DHW. ECF Nos. 1-1 (Original Complaint); ECF No. 22 (Second Amended Complaint).

The action was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1. The claim of complete diversity depended, in part, on an assertion "KeenanSuggs Insurance" is a trade name rather than a legal entity, and consequently is not a Defendant whose citizenship may be considered. The removal papers also asserted the entity that has done business under that trade name since August 1, 2016, is diverse from Plaintiffs as are the two other Defendants.

The action is before the court on Plaintiffs' motion to remand. Plaintiffs argue removal was improper because they are both citizens of South Carolina and "Defendant Keenan Suggs [sic]

Insurance is the operating name of a South Carolina entity or entities and remains a citizen and resident of the State of South Carolina[.]" ECF No. 58 at 1, 2.[1]

Defendants The Burlington Insurance Company ("TBIC") and Hub International Midwest Limited ("HUB") filed opposing memoranda. ECF Nos. 59, 60.[2] These Defendants argue removal was proper because KeenanSuggs Insurance is only a trade name, not the name of any existing legal entity and, consequently, cannot be considered a party for purposes of determining whether complete diversity exists.[3]

For reasons set forth below, the court concludes KeenanSuggs Insurance should *either* be disregarded as a fictitious party *or* treated as a misnomer for HUB. Because either alternative results in complete diversity, Plaintiffs' motion to remand is denied.

## STANDARD

Challenges to subject matter jurisdiction may be raised at any time, by the court or parties. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Doubts should be resolved in favor of remand because "[r]emoval jurisdiction is not a favored construction; [the

---

[1] Plaintiff Wells, a citizen and resident of South Carolina, is the sole member of DHW. Thus, both Plaintiffs are citizens of South Carolina. *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members").

[2] The Original Complaint alleges "Defendant KeenanSuggs Insurance is an operating entity of Hub International, Southeast, Inc.[,]" but does not name any Hub International entity as a Defendant. ECF No. 1-1 at 2, 3 ¶ 3. HUB was added as a Defendant after removal. It is undisputed HUB has operated the insurance agency that uses the trade name KeenanSuggs Insurance since August 1, 2016.

[3] It is undisputed both of the other Defendants named in the Original Complaint as well as HUB are citizens of states other than South Carolina.

2

courts] construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc*. 29 F.3d 148, 151 (4th Cir. 1994).

Where removal is based on diversity jurisdiction, the removing party "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship [is] diverse." *Zoroastrian Ctr. v. Rustam Guiv Found'n of N.Y.*, 822 F.3d 739,748 (4th Cir. 2016). In a removed action, a majority of courts determine diversity based on the parties' citizenship at the time of removal, while a minority require diversity to exist both when the action is commenced in state court and at the time of removal. *See* Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.) ("It has long been hornbook law, applied by courts at all levels of the federal judiciary throughout the nation, that whether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court" and discussing split of authority as to removal). The Fourth Circuit allows a change after the complaint was filed to support removal on the basis of diversity only if attributable to the plaintiff. *See generally Yarnevick v. Brinck's Inc.*, 102 F.3d 753, 754-55 (4th Cir. 1996) (holding diversity could be created after filing of the complaint by plaintiff's voluntary action, though it could not be created by a defendant's actions).[4]

---

[4] No party argues KeenanSuggs's citizenship, or the citizenship of any individual or entity that has used that trade name, changed between filing of the action in state court and removal. Neither did Plaintiffs amend the complaint during this period. Thus, the result is the same here whether the court applies the majority or minority rule.

Pursuant to the removal statute, "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). This rule has been applied to deny remand based on the alleged citizenship of a party identified only by trade name. *See Frith v. Blazon-Flexible Flyer, Inc.,* 512 F.2d 899, 900 (5th Cir. 1975) (stating case was "lawfully" removed where arguably non-diverse party "was only a trade name and not a legal entity"); *see also Snowden v. CheckPoint Check Cashing,* 290 F.3d 631, 634 (4th Cir. 2002) (a trade name "is not a separate legal entity capable of being sued").

## BACKGROUND

**Original Complaint and Service.** The Original Complaint, which was not amended prior to removal, named three Defendants: KeenanSuggs Insurance ("KeenanSuggs"), All Risks, Ltd. ("All Risks"), and TBIC. ECF No. 1-1 (capitalization modified). No "Hub International" entity was named as a Defendant, though the first paragraph referencing KeenanSuggs alleged KeenanSuggs "is a South Carolina Insurance agency" and "an operating entity of HUB International, Southeast, Inc. which owns the property, maintains [an] office and does business within the state of South Carolina." *Id.* ¶ 3.

Plaintiffs attempted to serve both KeenanSuggs Insurance and an entity identified in a separate summons as "HUB INTERNATIONAL C/O KEENANSUGGS INSURANCE, REGISTERED AGENT" by having a process server hand-deliver the summonses and complaint to Angela Meetone at 1330 Lady Street, Columbia South Carolina 29201. *Id.* at 64, 65 (affidavits of service dated April 10, 2019). This is the address at which Plaintiffs had done business with the entity using the trade name KeenanSuggs. *See* ECF No. 58-1 at 3 ("Plaintiffs served KeenanSuggs at the Lady Street address provided on correspondence from it to Plaintiff[s].").

4

**Pre-Removal Motion to Dismiss.** Before the action was removed from state court, HUB made a limited appearance for the purpose of filing a motion to dismiss the claims asserted against KeenanSuggs (including to the extent they might be relied on to pursue claims against HUB). ECF No. 3 at 1 (filed in state court on April 26, 2019). HUB asserted "'KeenanSuggs Insurance' is a non-existent entity" and argued the matter should be dismissed because "a judgment against KeenanSuggs Insurance will not be enforceable against Hub International." *Id.*[5] The motion also argued allowing the action to proceed against KeenanSuggs "is highly prejudicial against Hub International due to the uncertainty of which entity Plaintiffs seek relief from." *Id.* HUB also argued service of process was improper. *Id.* at 1, 2.

**Removal.** TBIC removed the matter to this court on April 29, 2019. ECF No. 1. It asserted complete diversity existed for the following reasons:

> 8. Defendant KeenanSuggs Insurance ("KeenanSuggs") as named in the Complaint is a non-entity. Compl. ¶ 3. Rather, KeenanSuggs is a trade name for the insurance operations of HUB International Midwest Limited ("HUB"), which is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Indiana.
>
> 9. Accordingly, the Plaintiffs are citizens and residents of South Carolina; and Defendant TBIC is a citizen and resident of Illinois and North Carolina, Defendant All Risks is a citizen and resident of Maryland, and Defendant KeenanSuggs (to the extent properly named as a defendant in this action) is a citizen and resident of Illinois and Indiana. Therefore, there is complete diversity of citizenship between the Plaintiffs and the Defendants in this action.

---

[5] The motion uses "Hub International" as shorthand for Hub International Midwest Limited. This order refers to the same entity as "HUB."

5

ECF No. 1 at 3, 4 (also asserting "Defendants All Risks and KeenanSuggs have consented and join in this removal").[6]

**Post-Removal Motion to Dismiss by HUB.** Several days after the matter was removed to this court, HUB filed a renewed motion to dismiss claims against KeenanSuggs under Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil Procedure. ECF No. 8 (filed May 3, 2019). Though the arguments were somewhat expanded, the central premise of this motion was the same as the pre-removal motion to dismiss: KeenanSuggs is a trade name under which HUB had operated since August 1, 2016, rather than a distinct legal entity. ECF No. 8 at 3, 4 (explaining HUB had operated under this name since purchasing substantially all the assets of Keenan & Suggs, Inc., and Keenan Suggs Bowers Elkins, LLC on August 1, 2016). HUB attached two pages from the August 1, 2016 asset purchase agreement. ECF No. 8-2 (arguing the agreement could be considered on motion to dismiss because the purchase was referenced in the Original Complaint). The attached pages list the parties to the agreement including the two entities referenced in the motion, multiple individuals, and additional entities. *Id.* The second page provides a general description of a "Business" and characterizes the nature of the transaction as a sale of assets, but does not specifically identify the assets being purchased.[7]

---

[6] The statement KeenanSuggs' consents refers to consent by HUB, which had, by that point, made a limited appearance seeking dismissal of KeenanSuggs and disclosing HUB's use of that trade name.

[7] For example, the attached pages do not list the right to use the trade name KeenanSuggs Insurance as an asset being purchased, though Plaintiffs now allege and it appears to be undisputed HUB has operated under that trade name since on or about August 1, 2016.

**Amended Complaints.** Plaintiffs amended the complaint twice in quick succession after HUB filed its post-removal motion to dismiss. ECF No. 19 (filed May 16, 2019); ECF No. 22 (filed May 17, 2019). The First Amended Complaint *substitutes* "HUB INTERNATIONAL MIDWEST LIMITED . . . dba KEENANSUGGS INSURANCE" for previously-named Defendant KeenanSuggs Insurance. ECF No. 19 at 1. Multiple allegations refer to actions by "KeenanSuggs" before and "after it was acquired by Defendant HUB International." *Id.* ¶¶ 18-20. 32. 33. 37. 39. 41, 42. One paragraph repeats the Original Complaint's statement (on information and belief) KeenanSuggs is an "operating entity of HUB International, *Southeast,* Inc." *Id.* ¶ 3.

The Second Amended Complaint, filed a day later, names *both* KeenanSuggs and HUB as Defendants. ECF No. 22 at 1. It describes KeenanSuggs as "a South Carolina Insurance agency," an "operating entity of defendant HUB International," and "an *independent South Carolina entity* with its office located within South Carolina until August 1, 2016." ECF No. 22 ¶¶ 3, 4 (emphasis added).[8]

The Second Amended Complaint alleges, on information and belief, that HUB "purchased KeenanSuggs effective August 1, 2016." *Id.* ¶ 5. As in the First Amended Complaint, this complaint includes multiple allegations relating to actions by KeenanSuggs before and after this acquisition. *Id.* ¶ 20-22, 34, 35, 41, 43, 44, 69, 78. It also repeatedly, though perhaps unintentionally, refers to actions by "KeenanSuggs dba as HUB International," thus suggesting KeenanSuggs is the entity and HUB the trade name. *Id.* 35, 37, 68, 69, 78, 85.[9]

---

[8] The Second Amended Complaint does not mention Hub International, *Southeast*, Inc.

[9] The First Amended Complaint includes similar allegations.

A single summons prepared by counsel and issued by the Clerk of Court is directed to "HUB INTERNATIONAL" and "KEENAN SUGGS" in care of the attorney who had previously made a limited appearance for HUB. ECF No. 23. No proof of service has been filed for this summons. The record also contains a later summons issued to "HUB INTERNATIONAL MIDWEST LIMITED REGISTERED AGENT" at CORPORATION SERVICE COMPANY, 1703 LAUREL ST., COLUMBIA SC 29201. ECF No. 32. There is no proof of service for this summons. Neither was any later separate summons issued for KeenanSuggs.

## ARGUMENTS

In their motion to remand, Plaintiffs assert "the Court lacks diversity jurisdiction . . . because KeenanSuggs remains a party . . . and is a South Carolina entity even if it is misnamed." ECF No. 58 at 1. In their supporting memorandum, Plaintiffs argue diversity is lacking "[b]ecause both Plaintiffs and Defendant KeenanSuggs Insurance (whether that entity is an unincorpated association or one of the many entities involved in HUB's purchase) . . . are citizens of South Carolina." ECF No. 58-1 at 1, 2. Plaintiffs assert the identity of the entity that operated as KeenanSuggs before HUB's purchase is "something that is not apparent from any communication with Plaintiffs in the course of doing business." *Id.* at 2.

Though headed "KeenanSuggs Insurance remains a South Carolina Entity[,]" Plaintiffs' first argument does not point to evidence or authority for the premise KeenanSuggs is or was a *legal* entity at any point relevant to this action. *See id.* at 3. Plaintiffs, instead, characterize Defendants' actions in removing the matter based on the assertion KeenanSuggs was not a legal entity coupled with HUB's denial of successor liability as a shell game. Plaintiffs also assert it is impossible for them to determine the legal entity responsible for the complained-of actions from any "information provided to [Plantiffs] in the course of business or from the pleadings in this

8

action[.]" *Id.* at 3 n. 2. Based on these circumstances, Plaintiffs argue "KeenanSuggs remains a party to this action . . . whether or not it is improperly named" because "Plaintiffs only did business with an entity that identified itself as KeenanSuggs." *Id.* at 4; *see also id.* at 3 (identifying Keenan & Suggs, Inc., Keenan Suggs Bowers & Elkins LLC, and multiple individuals as parties to the agreement that HUB maintains transferred the right to use the trade name and, therefore, potentially responsible for complained-of actions predating August 1, 2016).

Plaintiffs' second argument is that the doctrine of fraudulent joinder does not apply. *Id.* at 5, 6. This argument addresses the *viability* of Plaintiffs' claims against whatever entity operated under the trade name KeenanSuggs before August 1, 2016, not whether Plaintiffs have p*roperly named* KeenanSuggs as a Defendant.[10]

Plaintiffs' third argument, in essence, seeks to construe the Original Complaint to name whatever entity or entities operated under the trade name KeenanSuggs Insurance at any time encompassed by the allegations, due to the difficulty Plaintiffs face in determining the proper name(s). ECF No. 58-1 at 6 (arguing, "[f]rom a practical standpoint, absent [notice] the incorrect name was pled or the ability to conduct discovery to determine just what entity operate[ed] as KeenanSuggs Insurance [at the relevant times], it is impossible for Plaintiff[s] to ensure that [they have] named the correct entity."); *id.* at 7 (arguing KeenanSuggs Insurance "is not a non-entity; at worst it is a legally existing party or parties that ha[ve] been misnamed."). Relying on state-court cases allowing amendment to cure errors in naming parties, Plaintiffs argue any error in naming KeenanSuggs as a Defendant should be disregarded because it may be cured. *Id.* (citing, *e.g.*

---

[10] The removal papers do not rely on fraudulent joinder.

*McCuller v. Estate of Campbell*, 672 S.E.2d 784 (S.C. 2009) ("Although an action brought in the name of that which has no legal entity is a nullity, an action in which a legally existing plaintiff has been misnamed is still a true action, to which the court can give full effect, subject only to defendant's right to object at the threshold for misnomer")). While Plaintiffs concede they are "still unable to identify the KeenanSuggs entities with [which they] did business," they assert "all entities which are or were operating under the KeenanSuggs trade name had sufficient notice of the action against them" and state they "will be happy to amend their complaint to name the real responsible entity at any time." ECF No. 58-1 at 9.[11]

**Defendants' Arguments.** As in the removal papers, Defendants respond that "KeenanSuggs Insurance" is only a trade name, not a separate legal entity. ECF No. 59 at 7, 8; ECF No. 60. Because it is not a legal entity, KeenanSuggs' alleged citizenship must be disregarded. Defendant All Risks did not file a separate memorandum.

## DISCUSSION

Whether removal was proper depends on whether complete diversity existed at the time the action commenced in state court and at the time of removal. *See supra* at 3 (Standard). At both points, the Original Complaint was operative and named KeenanSuggs as a Defendant. The

---

[11] While Plaintiffs do not expressly argue naming "KeenanSuggs Insurance" as a Defendant should be construed to cover multiple Defendants, their logic requires this result. This is particularly true as the first paragraph of the Original Complaint that identifies this Defendant describes it as an operating entity of "Hub International, Southeast, Inc." (a name similar or related to HUB, which is now named as a Defendant), while they argue "KeenanSuggs Insurance" should be construed to include entities that operated under the same name *before* HUB began using the name.

hird paragraph of that complaint described KeenanSuggs as an operating entity of "Hub International, Southeast, Inc."[12]

For reasons set forth below, the court finds KeenanSuggs must be disregarded for purposes of removal. This is because it is *either* a fictitious Defendant *or* a misnomer for HUB, the entity that operated under that name at the time relevant to removal (when the complaint was filed in state court and when it was removed to this court). Because the result is the same under either analysis, the court need not decide whether the name is fictitious or a misnomer.

**KeenanSuggs Insurance is not a legal entity.** Defendants proffer argument and a prediction of evidence that KeenanSuggs Insurance is simply a trade name, not the name of any legal entity, and this trade name has been used by HUB since August 1, 2016.[13] Plaintiffs offer nothing to the contrary, though they note HUB's proffered evidence suggests at least two legal entities and multiple individuals may have used the same trade name *before* August 1, 2016.

Given this undisputed record and contrary to Plaintiffs' first argument, the court finds "KeenanSuggs Insurance" is not and was not a legal entity at the time the state court complaint was filed or at the time of removal. As it is not a legal entity, KeenanSuggs must either be treated as a fictitious or misnamed defendant.

**As a fictitious defendant, KeenanSuggs must be disregarded.** The removal statute, 28 U.S.C. § 1441, expressly provides that fictitious parties are disregarded for purposes of removal.

---

[12] As noted above, after removal Plaintiffs amended the complaint to name a different, apparently related entity as a Defendant: Hub International Midwest Limited.

[13] The only "evidence" is an unauthenticated printout of a business name search reflecting no entities using the name KeenanSuggs Insurance.

Thus, if KeenanSuggs is treated as a fictitious defendant as Defendants argue, it must be ignored for purposes of removal. This would leave only Defendants All Risks and TBIC, both of which are concededly diverse from Plaintiffs.

Though Plaintiffs maintain KeenanSuggs is a misnamed rather than a fictious defendant, their arguments align more with treating it as a fictitious name. This is because Plaintiffs seek to construe KeenanSuggs Insurance as encompassing any and all entities and individuals who might have operated under that trade name at any time covered by the allegations in the Original Complaint. Even now, Plaintiffs concede they do not know which entities or individuals should be named for events predating August 1, 2016.[14]

It is also apparent from the Original Complaint's description of KeenanSuggs as an operating entity of Hub International, Southeast, Inc. and later amendments that Plaintiffs intended to include whatever entity operated under the KeenanSuggs name after August 1, 2016, when they named "KeenanSuggs Insurance" as a Defendant. Thus, following Plaintiffs' argument, "KeenanSuggs Insurance" refers to multiple entities that could not be determined at the time the complaint was filed. This indicates use of "KeenanSuggs Insurance" in lieu of a more clearly fictitious naming device such as naming multiple "Entity Doe" or "John Doe" defendants, all of which would be disregarded for purposes of removal under 28 U.S.C. § 1441.

---

[14] Notably, the potential defendants listed on the asset sale agreement include two corporations, one LLC, one trust, and multiple individuals. The citizenship of such defendants would have to be determined based on the different citizenship tests applicable to the different categories of defendant. Until the actual identity of the defendant(s) intended to be included by naming KeenanSuggs can be determined, the court cannot determine what test applies much less the result it produces.

Despite the fictitious party implications of their argument, Plaintiffs maintain they have simply misnamed the proper defendant(s) that, if properly named, would prove to be citizens of South Carolina. The difficulty with this argument is that a fair reading of the Original Complaint suggests any naming error was failing to name Hub International, Southeast, Inc., or an affiliated entity such as HUB in lieu of KeenanSuggs, neither of which is alleged to be non-diverse. Correction of the name from KeenanSuggs to HUB is exactly what Plaintiffs accomplished in the post-removal First Amended Complaint, which substituted HUB for KeenanSuggs. While the Second Amended Complaint included *both* HUB and KeenanSuggs, it still indicates an intent to hold HUB responsible in whole or in part for the events alleged. The intent to name HUB (or an affiliated entity) is also evident from the Original Complaint's first reference to KeenanSuggs, describing it as an entity operated by a Hub International entity, ECF No. 1-1 ¶ 3, and by the undisputed evidence HUB was the entity operating under the KeenanSuggs name for over two years predating the filing of the Original Complaint.[15] To construe "KeenanSuggs" to include additional potential and as yet unidentified defendants *in addition to HUB* converts the term into a fictitious name for reasons explained above.

In sum, because there is no evidence KeenanSuggs is, in fact, a legal entity, the name must be treated either as a fictitious name for one or more potential defendants or as a misnomer for

---

[15] Plaintiffs' actions relating to service, likewise, demonstrate an intent to seek relief from whatever entity operated under the KeenanSuggs trade name on the date of service. For example, despite not naming a HUB entity as a Defendant, Plaintiffs attempted service of the Original Complaint on both KeenanSuggs and 'HUB International" at the same address. After their post-removal amendment to name HUB as a Defendant, Plaintiffs obtained summonses that would have served both KeenanSuggs and HUB through counsel for HUB. A later summons was issued only for HUB through its registered agent. No separate summons was obtained for KeenanSuggs.

HUB. Either treatment supports removal because fictitious parties are ignored and it is undisputed there is complete diversity if HUB is substituted for a misnamed KeenanSuggs.

**Plaintiffs' fraudulent joinder argument is misplaced.** Plaintiffs' second argument, that KeenanSuggs was not fraudulently joined, is misplaced. Defendants did not rely on a fraudulent joinder argument for removal. Neither do Defendants now argue Plaintiffs cannot pursue recovery from whatever entities or individuals operated under the trade name KeenanSuggs before August 1, 2016.[16] Thus, this argument has no import for the propriety of removal.

**The error in naming KeenanSuggs cannot defeat removal regardless of Plaintiffs' intent.** In essence, Plaintiffs' third argument is that any error in naming KeenanSuggs should be excused because Plaintiffs intended (and Defendants should have understood Plaintiffs intended) to name whatever legal entities operated under the name KeenanSuggs at all times covered by the allegations in the Original Complaint. Plaintiffs offer no authority in support of this premise other than state court decisions that allow plaintiffs to cure errors through *amendment* of a complaint. These decisions have no application here because the question is not whether Plaintiffs would, at some future point, be allowed to amend the complaint to bring in new defendants or cure errors in misnaming existing defendants, but what entities were *actually named* in the Original Complaint.

---

[16] Plaintiffs note Defendant HUB denies liability for actions predating August 1, 2016. This does not mean Plaintiffs did not intend to pursue recovery from HUB based on a successor liability theory, though their separate response to HUB's motion to dismiss the Second Amended Complaint appears to disavow such an intent. *See* ECF No. 43 at 8 ("HUB misapprehends the Complaint as alleging that Plaintiffs seek to hold it Liable for KennanSuggs' actions before the alleged acquisition.").

14

Even if the court were to look to a combination of intent and notice, Plaintiffs' argument would fail for two reasons. First, the only indication of *notice* to any entity operating under the trade name KeenanSuggs is notice to HUB, which had been using the KeenanSuggs trade name for more than two years before the action was filed.[17] Intent to name additional defendants is not apparent (even using fictitious names) because the Original Complaint includes only a single name for whatever Defendant operated under the name KeenanSuggs. As masters of their own complaint, Plaintiffs could have but did not indicate an intent to hold multiple individuals or entities responsible for actions taken under the KeenanSuggs trade name. Even if they intended a broader target, it is unclear which of the multiple entities and individuals listed on the asset sale agreement were intended to be named. Thus, Plaintiffs cannot reasonably argue either that the Original Complaint evidenced an intent to name entities and individuals that operated under the KeenanSuggs trade name other than HUB or that any such entities or individuals received notice of the complaint. Given the absence of support for this premise, the court need not decide whether the claimed intent and notice would preclude removal.

**Improper shifting of burden.** To the extent Plaintiffs argue Defendants acted improperly by failing to alert Plaintiffs to the potential error in naming Defendants prior to removing the action, their arguments ignore the allocation of pleading responsibilities and procedures applicable to removal. As noted above, Plaintiffs are masters of their own complaint and free to name fewer than all potential defendants. If Defendants elect to remove, they must do so within a short period of time based on the complaint *as drafted by Plaintiffs*. Defendants have no obligation to advise

---

[17] That HUB received notice does not mean it received proper service, an issue that is not addressed here.

Plaintiffs of errors in naming Defendants or additional Defendants they might name. *See generally Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.").

**CONCLUSION**

Plaintiffs' motion to remand is denied for reasons set forth above.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 30, 2019